EDWARDS, Judge.
Defendants, Commercial Union Insurance Company and Conrad Adams, appeal an adverse judgment of the trial court which held them liable, jointly and in solido, to plaintiff, Red Stick Confectionaries, Inc., for the sum of $3,100 (less a $250 deductible) under a “cancelled” insurance policy, plus statutory penalties and attorney’s fees of $1,000.
The pertinent facts are not in dispute.
Red Stick obtained, through Adams’ insurance agency, an automobile fleet insurance policy issued by Commercial. The policy was effective for a one year period from June 13, 1974[1] to June 13, 1975.
Additionally, Red Stick, with the aid of Adams, obtained financing for the substantial premium generated by the policy through A.I.C.C.O., a premium financing concern. The finance agreement called for monthly payments, and conferred an irrevo *581 cable power of attorney on A.I.C.C.O. to cancel the policy should Red Stick default under the agreement.
After the January, 1975 installment payment was not received timely, A.I.C.C.O., on February 13, 1975, sent, pursuant to the power of attorney, a “Notice of Cancellation” [2] (effective February 23, 1975) on the policy to Red Stick, and a copy thereof to Adams. Subsequently, Red Stick paid this installment and received a notice of reinstatement.
However, on February 25, 1975, Adams sent a memo to Commercial requesting that direct notice of cancellation be sent to Red Stick on two policies, one of which was the policy in question, for non-payment of premium. On February 25, 1975, Commercial mailed a notice of cancellation on the policy in question (effective March 7, 1975) to Red Stick, with the address given as “1687 Wooddale Court, Baton Rouge, La.”[3]
On May 5, 1975, one of Red Stick’s vehicles was involved in a collision. Red Stick filed a claim based on this accident and was denied coverage by Commercial, which contended that the policy had been cancelled.
Thereafter, Red Stick filed this suit against Commercial for the damage sustained in the accident plus penalties and attorney’s fees under LSA-R.S. 22:658 for failure to pay the claim, contending that there was coverage and that it did not receive notice of cancellation. Additionally, Red Stick filed alternative claims (in the event Commercial’s cancellation was effective) against A.I.C.C.O. for return of premium payments, and against Adams for negligence in cancelling the policy and failing to notify Red Stick of the cancellation.
Various third party demands were filed among the defendants. All the third party demands were severed from the main demand, and are not before us on this appeal.
Prior to trial, A.I.C.C.O. filed a motion for summary judgment on the main demand. This motion was granted by the trial court, as evidenced by a minute entry of January 20, 1978. However, there is no signed judgment on this motion, nor is there any thing in the record to indicate that a judgment was ever signed.
After trial on the merits, the trial judge found: that Red Stick’s correct address at the time the policy was written was 4230 Jeffery Drive; that the agent erred in not using this correct address; that the notice of cancellation was not sent to this address; and that the purported cancellation was not effective.
Commercial contends that the trial court erred: 1) in finding that the cancellation was not effective; 2) in awarding penalties and attorney’s fees; and 3) in granting A.I.C.C.O.’s motion for summary judgment.
Adams maintains that the trial court erred: 1) in holding him liable; 2) in awarding penalties and attorney’s fees against him; and 3) in granting A.I.C.C.O.’s motion for summary judgment.

Commercial’s Appeal

Commercial contends that the policy in question was effectively cancelled on March 7, 1975, since the notice of cancellation was mailed to Red Stick at the address stated on the policy.
LSA-R.S. 22:636.1(D) provides in pertinent part:
“No notice of cancellation of a policy to which Subsection B or C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given . . . ”
*582 Our Supreme Court stated in Broadway v. All-Star Insurance Corporation, 285 So.2d 586 (La.1973) at p. 539, in interpreting a similar notice requirement under LSA-R.S. 22:636:
“The purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection, (citation omitted).
“An interpretation which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice.”
The Court there held that affirmative proof of non-delivery of the statutorily required notice rendered the cancellation ineffectual.
Such is the situation in the instant case. The record supports the findings that the notice was mailed to an incorrect address and that Red Stick received no notice of cancellation. Accordingly, such notice, although mailed, is rendered ineffectual. Broadway, supra; Automobile Club Insurance Co. v. Aaron, 296 So.2d 464 (La.App. 4th Cir. 1974), writ refused, 300 So.2d 186 (La.1974).
On the issue of penalties and attorney’s fees, we believe that these items were properly assessed in this instance. Commercial had knowledge of Red Stick’s correct , address and nonetheless sent the notice of cancellation to an incorrect address.
This evidence is sufficient to support the trial court’s award of penalties and fees under LSA-R.S. 22:658. We find no error.
Finally, Commercial contends that the trial court erred in granting A.I.C.C.O.’s motion for summary judgment and in dismissing A.I.C.C.O. from the main demand.
As we noted above, there is no signed judgment in the record granting this motion. Accordingly, we do not reach this contention inasmuch as it is not properly before us.

Adams’ Appeal

The trial court held Adams liable, jointly and in solido, with Commercial for the damage sustained by Red Stick in the accident which should properly have been covered by the automobile fleet insurance policy. We believe this to be error.
There is no allegation in Red Stick’s petition, nor has there been any showing made that a solidary obligation exists between Adams and Commercial in favor of Red Stick.
Red Stick brought this suit as a result of a coverage dispute with Commercial. The claim asserted against Adams is in the alternative and is for damages in the event the coverage issue should be determined adversely to plaintiff. Plaintiff has succeeded on the coverage issue, and has asserted no other claim against Adams.
While questions may still exist regarding Adams’ conduct concerning this policy, such is not a matter to be resolved on this appeal.
For the above reasons, the judgment appealed is reversed insofar as it held Conrad Adams liable to plaintiff, and the judgment is affirmed in all other respects at Commercial Union Insurance Company’s cost.
REVERSED IN PART, AFFIRMED IN PART.

. Evidence át trial indicated that the effective date may have been July 13, 1974 however this is not material for purposes of our review.

. The testimony reveals that A.I.C.C.O. had previously issued other notices of cancellation to encourage delinquent payments, although the policy had never been cancelled by the insurer. On such occasions, A.I.C.C.O. would promptly issue notices of reinstatement upon receipt of the tardy payment.

. The notice of cancellation on the other policy was mailed the same day and listed Red Stick’s address as “4230 Jeffery Drive, Baton Rouge, La.”