LEAR, Judge.
This appeal results from the granting of summary judgment.
Plaintiff was involved in a traffic accident with defendant, Mary E. Jones (Jones), on October 25,1977, in Baton Rouge, Louisiana, and alleged in his petition that Jones was insured by an automobile liability policy issued by Great American Insurance Company (Great American). Great American denied coverage based upon the following facts:
On April 1, 1977, Great American issued its policy to Jones for a period from April 1, 1977, to October 1, 1977, at her address in South Carolina. On August 30, 1977, Great American mailed to Jones an offer of renewal at her policy address. No premium was received from Jones by October 1,1977, so a new notice was sent on October 11, 1977, reflecting that the policy had expired but containing a new offer for renewal if the premium was paid by October 26, 1977. This was also sent to her policy address in South Carolina. No premium was received and on November 8, 1977, notice of termination as of October 1, 1977, was sent to Jones at the same address.
On a motion for summary judgment the trial court held that the policy had terminated, noting that timely premium notices had been mailed to Jones who had failed to pay said premium. We agree.
Plaintiff alleges error by the trial court in granting summary judgment on the basis that a genuine issue of material fact existed. This material fact concerned whether or not South Carolina law requires actual notice of cancellation. Plaintiff further argues that Great American admits that, at the time of the accident, Jones was a resident of East Baton Rouge Parish, although all premium notices were sent to the South Carolina policy address. This “admission” is contained in Great American’s answer to plaintiff’s petition wherein plaintiff alleged that Jones was a resident of East Baton Rouge Parish. Plaintiff, therefore, argues that whether Great American knew of the change of address by Jones raises a genuine issue of material fact, citing Red Stick Confectionaries, Inc. v. Commercial Union In *234 surance Co., 365 So.2d 580 (La.App. 1st Cir. 1978), writ denied 366 So.2d 574 (La.1979). In the instant case, the notices sent by Great American were sent to the address shown on the policy and expressed a willingness to renew. When no reply was received from Jones, the policy expired under its own terms. It should further be noted that plaintiff failed to file any interrogatories or affidavits from either Great American or Jones to attempt to show a substantial dispute of material fact.
We find no error in the granting of summary judgment; therefore, the ruling of the trial court is affirmed, appellant to pay all costs.
AFFIRMED.