296 So.2d 464 (1974)
AUTOMOBILE CLUB INSURANCE COMPANY
v.
William David AARON, Sr., et al.
No. 5619.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1974.
Rehearing Denied July 9, 1974.
Writ Refused September 20, 1974.
Thomas L. Giraud, New Orleans, and James R. Conway, III, Bridgemen & Conway, Metairie, for defendants-appellants William D. Aaron, Sr., and Mrs. Dolores T. Aaron.
Frank J. Varela, New Orleans, for plaintiff-appellee Automobile Club Ins. Co.
Before REDMANN, J., and HUFFT and WICKER, JJ., Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
This suit arose out of the cancellation of an automobile public liability insurance policy.
On July 6, 1968, Automobile Club Insurance Company, through its local agent, Louisiana Division Agency, Inc., issued insurance policy No. 173524 to William David Aaron, Sr. and Family for the period July 7, 1968 to July 7, 1969.
On May 24, 1969, William David Aaron, Jr., the minor son of Mr. and Mrs. Aaron, was involved in an automobile accident with Charles E. Wach, while operating his parents' automobile. Wach filed suit against the Aarons and Automobile Club Insurance Company for damages sustained therein. While Wach's suit was pending, Automobile Club Insurance Company filed this suit seeking a judgment declaring the policy covering the Aaron's automobile to have been effectively cancelled on April 7, 1969.
The record shows that on March 28, 1969, the agency mailed a notice of policy cancellation to Mr. Aaron notifying him that effective April 7, 1969, his automobile insurance was cancelled for "nonpayment of budget payments of $72.00." The address on the envelope containing the cancellation notice showed a typographical error wherein the street name appeared as "Methra" Street rather than "Mithra" Street. Simultaneous with the mailing of this notice, a carbon copy thereof was sent *465 to the mortgage lien holder, Associates Discount Corp., at its correct address.
Both the Aarons and the mortgage lien holder denied receipt of the notice of cancellation mailed on March 28, 1969.
The principal question before this court is the proper interpretation of LSA-R.S. 22:636 and LSA-R.S. 22:636.1, which state the method by which an insurer can cancel insurance policies which it has issued.
Both statutes provide that the insurer can effect the cancellation of a policy by delivering or mailing a written notice of termination to the insured within a specified period of time prior to the actual cancellation date. The statutes further provide that such notices must include a clear statement of the reasons for cancelling the insured's policy.
The trial court found that the insurer had complied with the provisions of the appropriate statutes in mailing a written notice of cancellation to the named insured within the time allowed by the statute. Without specifically deciding if the notice had actually been delivered to the insured, the trial court concluded that the mailing of the notice alone was sufficient to serve as a cancellation of the insurance under LSA-R.S. 22:636 and LSA-R.S. 22:636.1.
It is this court's impression that until the recent Supreme Court decision of Broadway v. All-Star Insurance Corporation, La., 285 So.2d 536 (1973) cancellation of insurance was effected by timely mailing of a proper notice and that the question of actual receipt of said notice was to be considered only as rebutting the presumption created by alleging that the notice had been mailed. Cuccia v. Allstate Insurance Company, 262 La. 545, 263 So.2d 884 (1972); Harang v. Sparacino, 257 So.2d 785 (La.App. 4th Cir. 1972).
However, the Broadway decision reevaluates the importance of actual receipt of the notice and also defines the meaning of the word "mailed" used in LSA-R.S. 22:636. The Supreme Court points out that the requirement "mailed to the insured" is subject to two interpretations:
"The first is the depositing of the notice in the official United States mails, addressed to the insured. Under this interpretation, delivery of the notice to the insured is irrelevant.
The second interpretation is that mailed to the insured connotes a completed process, the transmission of the notice through the United States mails. Under this interpretation, affirmative proof of non-delivery renders the notice ineffectual." Broadway v. All-Star Insurance Corporation, supra, at page 539.
The Supreme Court has elected to apply the latter definition and, thus, a new importance is to be given to the issue of whether the insured actually received a notice of cancellation as illustrated in this excerpt from the Broadway decision:
"The purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection. . . .
An interpretation which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice." (p. 539)
The record in the present case shows that not only the insured, but also his lien holder deny receiving any notice of cancellation though the insurer claims to have mailed identical notices to both the insured and the lien holder on the same day. Further, it was shown that the address used by the insurer to mail the notice to the insured was incorrect.
This Court finds that the insured has adequately shown that he received no notice of cancellation and it follows that any such notice, even if mailed, is thereby rendered ineffectual. Therefore, it is the view of this court that the lower court was in error in holding that the insurance policy issued by the Automobile Insurance *466 Company had been cancelled prior to the accident which gave rise to this litigation.
For the reasons assigned, this judgment appealed from is reversed at appellee's costs.
Reversed and rendered.