JONES, Judge.
Defendant, Hanover Insurance Company, appeals a general damage award in favor of plaintiff, Margie Worsham, in the amount of $10,000. The sole issue on appeal is the quantum awarded to Mrs. Worsham. We reduce the general damages award to the sum of $6,500 and as amended, affirm.
On September 11, 1977 Mrs. Worsham was injured in a three-car collision. She had stopped her vehicle at an intersection and was signalling for a left turn. Another vehicle, driven by a Mr. Banks, stopped behind Mrs. Worsham as she waited an opportunity to turn. Defendant, Mance-field Eatman, traveling behind Banks, failed to stop and hit the Banks vehicle, which in turn caused the Banks vehicle to strike Mrs. Worsham’s car. In this manner plaintiff was injured.
The trial court held that plaintiff proved general damages of $10,000, property damages of $684.17, and medical expenses of (1) orthopedic charges for examination— $90.00; (2) family physician charge — $8.00; and (3) charges for the services of a chiropractor — $287.00.
Defendant contends the trial court abused its discretion when it awarded plaintiff $10,000 for general damage. Defendant seeks to have the general damage award reduced to between $2,000 and $4,500. Defendant argues that Mrs. Wor-sham suffered acute pain for only three months and displayed no objective symptoms of injury six months after the accident. Defendant emphasized the amount of the medical specials ($385.00, only $98.00 of which went to medical doctors) demonstrates the non-severity of plaintiff’s injury and the excessiveness of the trial court’s award. Defendant contends the fact that plaintiff only saw medical doctors on two occasions, plus the fact she neither missed a day of work nor took any pain medication shows the abuse of discretion in the trial court’s award and mandates an appellate reduction of this award.
In the assessment of general damages: “. . . much discretion must be left to the [trial] judge . . .” LSA-C.C. art. 1934(3).
This code article was construed in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.963), where the supreme court delineated the issue before the appellate court to be:
“. . . whether the judge . has abused its discretion ... in fixing the award . . . ” Gaspard at' 158.
Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), elaborated on the procedure to be used by the appellate courts. Coco re-emphasized that before an appellate court can change an award made by a trial court, the record must clearly reveal that the trier of fact abused his discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979), reasserted the holding in Coco that an abuse of the trial court’s much discretion must first be found before the appellate court can inquire into what change in the award may be made. Reck also reiterates any change that must be made is done by raising the amount to the lowest figure which the trial court could have assessed in the exercise of his discretion (in the case of an increase) or by lowering the amount to the highest figure which the trial court could have awarded (in the case of a decrease):
“Thus , the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion,’ La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive (citations omitted) or insufficient.” Reck at 501. (emphasis ours).
The role of prior awards in previous cases in the initial determination of whether there is an abuse of discretion is limited by Reck as follows:
“The prior awards may serve as an aid in this determination [i. e., the initial determination of excessiveness or insufficien *1062 cy] only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) ‘similar’ injuries . . Reck at 501.
Reck pointed out that after an abuse of discretion is determined prior awards then may be used as follows:
“. . . Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what could be an appropriate award for the present case.” Reck at 501.
Mrs. Worsham complained of no injury at the time of the accident. However, about an hour after the accident she realized she could not grip the wheel with her right hand. The next day, September 12, 1977, she began to have severe pain in her neck and shoulders. She then went to see a chiropractor. The chiropractor testified plaintiff was suffering from cervical, lumbar, and shoulder pain. He observed muscle spasms in Mrs. Worsham’s neck and shoulder, and expressed the opinion these problems were direct results of the accident. He opined the lumbar pain was not related to the accident. The chiropractor saw Mrs. Worsham at weekly intervals until December 22, 1977, and thereafter once every two weeks until July 26, 1978, when treatment was discontinued on a regular basis. He testified he saw plaintiff on October 31, 1978 and her symptoms were acute. He also saw plaintiff on January 17th and 30th, 1979. He testified his examination of Mrs. Worsham revealed objective symptoms for about three months following the accident, and advised her not to do heavy housework or lift heavy objects for a period of several months. He testified he treated plaintiff’s neck and shoulder by adjustment of her spine, though he did not make it clear what these adjustments consisted of. Under cross-examination he opined the adjustments used to treat plaintiff’s injuries were also effective in the treatment of diabetes and kidney ailments.
Plaintiff went to Dr. Richard Hanna, a general practitioner, on August 5, 1978. Dr. Hanna sent her to Dr. W. S. Bundrick, an orthopedic surgeon. Dr. Hanna did not treat plaintiff, though he examined her neck and found:
“There was a little tenderness there. I didn’t write it down.”
Dr. Bundrick saw plaintiff on August 8, 1978. After examining plaintiff, Dr. Bun-drick’s opinion was that plaintiff had a chronic and intermittent cervical myoliga-mentous strain which he could relate to the car accident of September 1977. Plaintiff also had tendonitis in her right elbow, but Dr. Bundrick did not relate this injury to the accident. There is no evidence that plaintiff ever complained to her chiropractor about her right elbow nor that she mentioned it to Dr. Hanna. She made no complaint of lumbar discomfort to Dr. Bundrick or Dr. Hanna. Dr. Bundrick placed her on muscle relaxants and she was told of exercises to do to help her neck. He stated there was a possibility the cervical strain might recur, but if Mrs. Worsham exercised her neck the way she was told, the chances of recurrence of neck symptoms would be lessened. At the time of Dr. Bundrick’s examination there were no muscle spasms, though he found tenderness in the muscles of plaintiff’s neck. The neurological examination was normal, indicating no nerve root irritation or disc involvement.
We have concluded from a totality of the testimony that plaintiff has failed to establish she had any lumbar back injury or elbow injury which was related to the accident.
Following the guidelines of Coco and Reck, supra, we now direct our attention to the effects of the soft-tissue injury diagnosed by the orthopedic as a myoligamen-tous strain to the cervical spine upon this particular plaintiff, a forty-five year old single lady. Plaintiff’s injury required no hospitalization because of her injury, nor did she miss any work, nor did she take any pain relieving medications. These circumstances all tend to detract from the severity of plaintiff’s injury. We observe, however, *1063 that plaintiff was enduring sufficient discomfort to motivate her to make 32 trips to a chiropractor for adjustments. She went every week for the first three months following the accident, then every two weeks until July 26, 1978, indicating that for approximately eleven months following the accident, plaintiff was indeed having sufficient discomfort from her injury to cause her to seek these frequent treatments from the chiropractor.
On the negative side of plaintiff’s medical picture is the fact that she only sought from qualified physicians examination and treatment for her injury on two occasions, and these examinations were almost a year after the accident occurred. • However, this does reflect she was enduring some prolonged discomfort from her injuries. These circumstances also indicate that her discomfort must have been of a relatively minor nature, or otherwise she would have sought medical treatment for it earlier and she would have required more of it.
Our evaluation of the effect of plaintiff’s injury upon her is that it did cause some chronic discomfort, the lack of severity of which was reflected by plaintiff taking no medication, missing no time from work, and seeking only minimal competent medical treatment.
Pursuing our evaluation of whether there has been an abuse of the trial court’s discretion in the $10,000 general damages award, we have reviewed the following decisions:
(1) In Pitts v. Lenz, 334 So.2d 779 (La.App. 4th Cir. 1976), the appellate court reversed a judgment dismissing plaintiff’s action and awarded plaintiff $5,000 damages for an acute cervical sprain, requiring two months treatment, and a lumbar sprain with a possible herniated disc, requiring one year treatment. Both injuries were sustained in a car wreck. The medical treatment for the cervical sprain included physical therapy, heat, pain medication, and muscle relaxants.
(2) In Moss v. Travelers Indemnity Co., 351 So.2d 290 (La.App. 3d Cir. 1977), the court reversed the trial court’s dismissal of plaintiff’s tort action and awarded plaintiff damages. Plaintiff was injured in a car accident, received a moderate cervical strain, and a very mild lumbar strain. She had no permanent injury and no interference with her job. Plaintiff was awarded $2,000 for these injuries.
(3) In South Central Bell Tel. Co. v. Branch, 360 So.2d 271 (La.App. 4th Cir. 1978), the court found a $2,250 award to plaintiff, who received cervical and lumbar spine strains from a rear-end car accident, to be within the sound discretion of the trial court. Plaintiff suffered neck.and back pain for a three month period and saw a medical doctor four times.
(4) In Druilhet v. Trinity Universal Ins. Co., 361 So.2d 40 (La.App. 3d Cir. 1978), plaintiff’s car was rear-ended in a 1975 accident, and she sustained a moderate cervical sprain. Plaintiff’s treatment as prescribed by her doctor consisted of physical therapy, muscle relaxants, analgesics, a cervical collar, and a steroid injection. She testified she still had pain at the time of trial in 1977, although no objective symptoms were found. The third circuit found a $1,000 general damages award not to be an abuse of the trial court’s discretion.
(5) In Robichaux v. Cade, 357 So.2d 849 (La.App. 4th Cir. 1978), the court rejected plaintiff’s claim that a $6,000 award for general damages was inadequate. Plaintiff received moderate to severe cervical strain in an April 1971 accident. He received “adjustments” from a chiropractor commencing four months post injury for a period of time not reflected by the opinion. There was no permanent injury, although plaintiff still complained of neck pain in 1977. The medical testimony revealed that plaintiff’s injury hád resolved itself six months from the date of the accident. He was awarded loss of wages for three months from the date of the accident. One month following the accident an orthopedic surgeon who examined plaintiff found no spasms and a full range of neck motion.
*1064 (6) In Woods v. Cumis Ins. Society, Inc., 364 So.2d 213 (La.App. 4th Cir. 1978), the court reversed a jury’s determination of negligence on the parts of both plaintiff and defendant who collided in a car wreck. Finding the negligence of defendant to be the sole cause of the accident, the fourth circuit looked to plaintiff’s injuries to set an award. Plaintiff sustained cervical and lumbar strains which were evidenced by muscle spasms for a three month period following the accident. The treatment prescribed by plaintiff’s medical doctor included injections and moist heat, and the medical bill was $565.00. Upon this evidence the court of appeal gave plaintiff $3,000 as general damages.
An evaluation of the effect of the cervical injury upon plaintiff and the awards made for similar injuries in other cases reveals that the trial court abused its much discretion in awarding plaintiff general damages in the amount of $10,000. This award was excessive. While there are necessarily differences in the circumstances surrounding the awards in the cases reviewed by us, we conclude a fair evaluation of them establishes the awards therein made were greatly disproportionate to the one received by plaintiff herein.
Having concluded there has been an abuse of discretion here made and that the $10,000 award must be reduced, we now must determine the highest general damage award the trial court, within its much discretion, could have made plaintiff for the injuries sustained by her. We note that the plaintiff had chronic neck discomfort, though not of great severity, it was continuing to trouble her on August 8, 1978 at which time she was examined by her orthopedic surgeon, and the record does not reflect how long in the future plaintiff was to be burdened by this mild discomfort, though she was still complaining of same on the day the case was tried, April 16, 1979. We find the circumstances do not substantiate plaintiff’s trial contention that she was enduring substantial pain and suffering from the date of her injury through trial date.
Based upon the articulated effects of plaintiff’s injury upon her and guided by the cited decisions, we have concluded the very highest award for general damages which the trial court could have made in this case, without abusing its much discretion, was the sum of $6,500 and for this reason we reduce the $10,000 damage award to $6,500.
We recast the second paragraph of the judgment to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Margie M. Worsham, and against the defendant, Hanover Insurance Company, in the full and true sum of Six Thousand Five Hundred and No/100 ($6,500.00) Dollars plus legal interest from the date of judicial demand until paid.
As AMENDED, the judgment is AFFIRMED with all costs of appeal assessed against plaintiff.