BARRY, Judge.
Defendants appeal a jury verdict which awarded $25,500.00, including medical expenses of $327, to plaintiff for injuries he sustained in an automobile accident. Liability was admitted and the sole issue is the amount of the jury award.
Following the accident plaintiff went to the Methodist Hospital emergency room for treatment as an out-patient. Nine days later he was examined by Dr. Hiromu Shoji, an orthopedist, who testified that he found tenderness over the lower neck region with decreased flexibility toward the left side and a slight to moderate degree of muscle spasticity on the right side. Dr. Shoji advised conservative treatment consisting of a cervical collar, home heat treatment, plus prescribed pain pills and muscle relaxants.
Plaintiff was seen by Dr. Shoji four times during the following four months, after which he gained full range of cervical spine motion but continued to complain of neck pain. Plaintiff saw Dr. Shoji on two additional visits when improvement was noted in the cervical area, however, extension of the neck still caused pain. Conservative treatment was continued although plaintiff testified that the cervical collar was used intermittently because it was cumbersome while plaintiff was teaching class.
Seven months after the accident, plaintiff moved to Tennessee. During the ensuing nine months, plaintiff testified he continued to experience neck pain and was treated by a Dr. Henry Williams, but the record is void of any diagnosis or treatment.
The issue here of possible jury abuse of discretion by making an excessive award should be scrutinized under the guidelines of Reck v. Stevens, 373 So.2d 498 (La.1979). Our inquiry is whether the award was proper for these particular injuries and their effect upon this particular plaintiff. The medical record begins nine days after the accident.
September 14,1977 — Tenderness over the C-3 to C-6 right side area of the neck, decrease of motion, increased pain upon maximum tilting of the neck, muscle spasticity of a slight to moderate degree. Muscle relaxants and pain pills prescribed with heat application and use of the cervical collar.
September 28,1977 — Improvement of the stiffness but discomfort in the cervical area and a continuation of the same treatment.
October 19,1977 — Tenderness at the C5— C6 level upon maximum extension and rotation.
*861 November 16, 1977 — Rotation on extension improved but neck pain persists. Same treatment to continue with a prognosis of fair.
December 21, 1977 — Reoccurrence of right side neck pain and a slight awkwardness of balance.
January 18, 1978 — Sporadic pain at base of skull occasionally.
March 1, 1978 — Reoccurrence of pain in the mid-neck with mild tenderness on the right side.
Plaintiff saw the Tennessee physician three times during the ensuing nine months, but nó testimony was presented explaining these visits.
Plaintiff testified that he missed work two or three days a week for the first three weeks and periodically thereafter. During the first month of pain he used the prescribed cervical collar occasionally because he was lecturing dental students and the collar was a handicap: during the two months thereafter the collar was worn almost daily and periodically thereafter. It was plaintiff’s testimony that he continued to experience neck and lower back pain to the date of trial which was two and one-half years after the accident. Dr. Shoji testified that it was not unusual for the neck pain to persist this length of time.
Plaintiff’s wife corroborated her husband’s testimony as to the persistence of neck pain and his problems following the accident.
Any award, particularly from a jury, is difficult to evaluate for this type of injury. Plaintiff’s demeanor, the believability of his experiences, the medical evidence— all play an integral part in each juror’s resolution of the amount to be awarded for pain.
It’s easy to conclude here that the jury believed and was impressed by plaintiff’s testimony, particularly the amount of his pain and its duration and effect during the thirty months prior to trial, plus the possibility the pain would continue indefinitely thereafter. Also, defendants admit-, ted liability and the jury did not hear any facts surrounding the accident. Further, defendants presented no witnesses or medical evidence to rebut or contradict plaintiff.
The award for this victim based upon this medical record could be considered in the upper range, but we feel the quantum is within permissible limits.
The lower court denied a motion for re-mittitur or a new trial, and we fail to find manifest error or abuse of discretion. Accordingly, the judgment of the District Court is affirmed with appellant to pay all costs of this appeal.

AFFIRMED.