412 So.2d 151 (1982)
Anne S. PINCUS
v.
Joseph PUMILIA, et als.
No. 12400.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Joseph R. Ward, Jr., Buckley & Ward, New Orleans, William H. Syll, Jr., and Walter M. Babst, Bernard, Cassisa, Babst & Saporito, Metarie, for defendant-appellant.
John E. Jackson, Jr., New Orleans, for defendants-appellees.
David W. Oestreicher, II, Ostreicher & Whalen, New Orleans, for plaintiff-appellant.
Before GARRISON, WARD and AUGUSTINE, JJ.
WARD, Judge.
Defendants appeal from a judgment in favor of plaintiff, Anne S. Pincus, awarding damages of $33,600 for injuries she sustained in an automobile accident. The liability of defendants Joseph Pumilia and Noel Brown, Jr., is not questioned. However, defendant Insurance Company of Florida denies the existence of liability insurance coverage and denies liability to Anne Pincus. All defendants appeal the award of damages, claiming that it is excessive.
On April 27, 1978, Anne Pincus was travelling in her automobile in the French Quarter of New Orleans, and entered a hotel parking garage, where she stopped the vehicle. At this time her automobile was struck from the rear by a taxicab owned by defendant Joseph Pumilia and driven by defendant Noel Brown, Jr. This negligence caused personal injury to Mrs. Pincus and property damage to her automobile.

*152 LIABILITY INSURANCE COVERAGE
The Insurance Company of Florida contends that on the date of the accident it did not provide liability coverage for a taxi owned by Joseph Pumilia when it was being driven by Noel Brown, Jr. Prior to the accident, on February 18, 1978, a notice of exclusion of Brown from coverage was mailed to Brown, Pumilia, the New Orleans Taxicab Bureau, and the insurance company's home office. This creates a presumption of receipt by the insured. LSA-R.S. 22:636, 22:636.1. However, this presumption may be rebutted. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973); Automobile Club Insurance Co. v. Aaron, 296 So.2d 464 (La.App. 4th Cir. 1974), writ ref., 300 So.2d 186 (La.1974).
To rebut this presumption Mr. Pumilia testified that he did not receive the notice of termination of coverage, that he continued to pay premiums after the mailing of the notice, and that the insurance company's agent continued to accept payments. This was corroborated by receipts given by the insurance company's agent to Brown, and Brown continued to drive for Pumilia.
The trial judge found the evidence presented rebutted the presumption of receipt of the notice of cancellation, and we will not disturb the trial judge's findings of fact; there is no manifest error.

QUANTUM
The jury awarded plaintiff $33,600, of which $600 was for medical expenses and $33,000 for pain and suffering. Defendants contend the jury abused its discretion when it awarded plaintiff this amount, and seek to have the award declared excessive and reduced. They argue that plaintiff's offer of proof of only $600 for medical expenses reflects the mildness of her injury, which was characterized by medical witnesses as a mild cervical strain with intermittent muscle spasm. Defendants contend that this abuse of discretion becomes obvious when the award is compared with verdicts and judgments in cases of similar injuries. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977) holds that while the court must allow the jury wide discretion in making an award for pain and suffering to a plaintiff, it is within the province of the appellate court to review the jury award based on the record and reduce an obviously excessive award.
The possibility of jury abuse of discretion in making an excessive award should ultimately be measured by the standards of Reck v. Stevens, 373 So.2d 498 (La.1979): the inquiry must be directed at whether the trial court's award for the particular injuries and their effects upon the particular person is a clear abuse of the trier of fact's broad discretion. The Louisiana Supreme Court in Reck suggested that while an examination of prior awards, if those awards are similar, has a limited function in a determination of excessiveness or sufficiency, the reviewing court must look first not to prior awards, but to the individual circumstances of the case before them. Only after analysis of the facts and circumstances peculiar to that case and that individual may a reviewing court determine that the award is excessive.
As to the individual in this case, the morning after the accident, feeling stiff and sore, with pain in her neck and shoulders, Mrs. Pincus went to a hospital emergency room for treatment, where the examining physician gave her a prescription for muscle relaxers. Her condition did not improve, and she sought treatment from an orthopedist, Dr. Hoerner, and a neurologist, Dr. Vogel. Both physicians independently diagnosed Mrs. Pincus's injuries as cervical strain with intermittent muscle spasms and limitation of motion. Under their direction, Mrs. Pincus followed a regimen of physiotherapy, neck exercises, traction, medication, and was required to wear a cervical collar. Nineteen months later, at the time of trial, she was still having recurring pain, intermittent cervical spasms, and wearing a cervical collar.
Prior to the accident Mrs. Pincus, a young married woman and the mother of a two-year-old son, was a very active person, a full-time housekeeper for her family, who *153 did gardening and played tennis. Since the accident she has been unable to lift heavy objects without experiencing pain in her neck, has had difficulty driving, and has had to rest frequently because of the pain and discomfort in her neck. She has no longer been able to do certain things she normally did, such as lift and carry her child, play tennis, run, or work in her garden, and she has had to hire additional household help in order to care for her family. Her discomfort was enhanced when, during her recuperation, plaintiff became pregnant.
Defendants did not refute the evidence introduced by plaintiff as to the duration or severity of her injuries.
We have compared damages awarded for cervical strain in recent cases. In Worsham v. Hanover Insurance Co., 378 So.2d 1060 (La.App. 2nd Cir. 1979), the court reduced general damages awarded from $10,000 to $6,500. This case is similar to the case before us in that it involved cervical strain as the result of a rear-end collision. Although plaintiff made thirty-two trips to a chiropractor for adjustments, she missed no work, took no pain-relieving medications, and sought no medical treatment for nearly a year after her injury, and then on only two occasions. This case is distinguishable; Mrs. Pincus proved more pain and suffering.
In Marceleno v. State Department of Highways, 367 So.2d 882 (La.App. 3rd Cir. 1978), writ ref. 1979, a $12,500 award to the victim of an auto accident was upheld where there was evidence of neck and back pain from the time of the accident through trial with treatment by medical doctors and a chiropractor during that time. Plaintiff's total award was $22,400, which included medical expenses and loss of earnings. "Earnings lost" by Mrs. Pincus are incalculable, since she is a homemaker. Considering the domestic help plaintiff required while recuperating, the jury's $33,600 award to Mrs. Pincus is similar to Marceleno.
Most significant are the recent cases of Mueller v. New Orleans Public Service Inc., 348 So.2d 1296 (La.App. 4th Cir. 1977) and Kostrzewa v. Wilson, 397 So.2d 859 (La. App. 4th Cir. 1981), writ ref. 1981, both of which significantly increase the upper range of awards for injuries similar to Mrs. Pincus's. In Mueller, the Fourth Circuit affirmed the trial court's award of $25,000 for injuries to plaintiff's back and neck which lasted until the time of trial, over nineteen months after the accident. The extent and duration of injuries in this case are similar to those of Mrs. Pincus: chronic cervical strain accompanied by muscle spasm, mild limitation of motion, some pain even at the time of trial, all of which had been treated by cervical traction, physiotherapy and medication. In the Kostrzewa case, the court held that although it could be considered in the upper range, an award of $25,500, including medical expenses of $327, was within the permissible limits for a neck injury, where the physician found tenderness over the right side area, decrease of motion, pain on tilting, and slight to moderate muscle spasticity, with treatment consisting of a cervical collar, heat applications, and medication, and with plaintiff gaining full range of cervical spine four months after the accident, but continuing to complain of neck pain at trial some thirty months after the incident.
After evaluating both the effect of the cervical injury upon Mrs. Pincus and the awards made for similar injuries in other cases, we conclude that there was no abuse of the broad discretion of the trier of fact in awarding damages for pain and suffering in the amount of $33,000.
Therefore, the judgment of the trial court is affirmed.