415 So.2d 330 (1982)
Michael COCKERN and Charles Cockern, Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., Defendant-Appellee.
No. 14891.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Rehearing Denied June 17, 1982.
Johnston, Thornton, Dawson, Hunter & Feinberg by W. Orie Hunter, III, Shreveport, for plaintiffs-appellants.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for defendant-appellee.
Before HALL, MARVIN and NORRIS, JJ.
HALL, Judge.
On October 3, 1978 one of the plaintiffs was involved in an automobile accident with an uninsured motorist. Plaintiffs filed suit against the uninsured motorist and Government Employees Insurance Company, seeking to recover against GEICO under the provisions of the uninsured motorist coverage contained in an insurance policy issued by GEICO to plaintiffs. GEICO filed a motion for summary judgment contending the policy was canceled prior to the accident. Summary judgment was granted in favor of the defendant insurer and plaintiffs appealed. Finding that the defendant is not entitled to judgment as a matter of law we reverse and remand for further proceedings.
The plaintiffs purchased an automobile in June 1978 and secured insurance on the *331 vehicle with defendant GEICO, effective June 30, 1978. The annual premium of $659 for the insurance was financed with Intech Premium Funding Corporation. A substantial down payment of $198 was made by the plaintiffs with the balance to be paid in monthly installments of $62 beginning July 30. Plaintiffs entered into an agreement with Intech in which they granted Intech an irrevocable power of attorney with full authority to cancel the insurance policy in the event the insured defaulted in the payment of any installment under the premium financing agreement.
On September 28, 1978, at a time when the July and August payments had not been made, Intech mailed a notice to GEICO to cancel the policy effective September 30. The cancellation notice was received by GEICO on October 2 and on October 24 GEICO mailed plaintiff a notice of cancellation of the automobile policy effective September 30.
There is no showing that GEICO took any steps to cancel the policy until October 24 when it mailed notice to plaintiff and there is no showing that plaintiff received any notices or warnings from either the premium finance company or the insurance company prior to the accident.
Plaintiffs argue on appeal that they were entitled to 10 days notice of cancellation prior to cancellation of the insurance policy under the terms of LSAR.S. 22:636.1. That section provides in pertinent part:
"§ 636.1 Automobile liability insurance policies, cancellations
"A. As used in this chapter: ...
"(6) `Nonpayment of premium' means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit.
"B. A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
"(1) Nonpayment of premium; or ...
"D. No notice of cancellation of a policy to which Subsections B or C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given...."
Defendant GEICO argues that Section 636.1 is not applicable to the facts of this case because that section deals with cancellation of an insurance policy by the insurer and in this case the policy was canceled by the insured, through his agent. Defendant GEICO argues that since the policy was canceled by an authorized agent of the insured, LSAR.S. 22:637 dealing with cancellation by the insured is the applicable statute.
In Armstead v. Aetna Casualty & Surety Company, 322 So.2d 299 (La.App. 1st Cir. 1975), writ denied 323 So.2d 476 (La.1975), the court recognized that an insured's right to cancel an insurance policy could properly be assigned by the insured to a third party. The court in Armstead was faced with cancellation of an insurance policy financed under a premium finance agreement; however, the court did not reach the issue of whether notice to an insured is required when the insured's agent requests cancellation because the insured in that case had been given at least 10 days notice prior to cancellation of the policy.
There is a strong public policy, expressed in the Insurance Code, requiring prior notice to the insured of the cancellation of an insurance policy. The purpose of the notice of cancellation to the insured, as recognized in Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973), is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection.
As reenacted in 1958, the Insurance Code contained Section 636 dealing with cancellation by the insurer and Section 637 *332 dealing with cancellation by the insured, the sections being applicable to insurance policies generally. In 1968, Act 632 added Section 636.1 dealing specifically with cancellation of automobile insurance policies. Section 636.1 permits cancellation of automobile policies for "nonpayment of premium" and defines nonpayment of premium as including failure of an insured to pay premiums whether the premium is payable directly to the insurer or indirectly under any premium finance plan. In order for cancellation of a policy for this reason to be effective, 10 days notice of cancellation is required.
Section 636.1 contains specific provisions dealing with the exact facts presented by this case and requires notice to the insured. Automobile insurance is for the protection of other persons as well as the named insured and the public policy of notice to the insured before an automobile insurance policy can be canceled for nonpayment of premium is just as important where the premium is owed to a premium finance company as where it is owed to the insurance company. Section 636.1 recognizes that fact and deals with it.
The Armstead case correctly held that an insured can assign the right to cancel an insurance policy to a premium finance company, but Section 636.1 provides that such a cancellation for nonpayment of an obligation due to a premium finance company is effective only after 10 days notice to the insured.
There is no showing in this case that the plaintiffs were given notice of cancellation of the policy until after the purported effective date of cancellation and after the accident occurred. The purported cancellation was ineffective and the insurance policy remained in effect through the date of the accident.
Additionally, there is no showing that GEICO actually canceled the policy prior to the date of the accident. Defendant received Intech's request for cancellation on the day prior to the accident, but there is no showing that defendant did anything to cancel the policy until after the accident.
It is noted that the facts of this case arose prior to the enactment of Act 694 of 1980 by which the legislature added LSA R.S. 9:3550 regulating insurance premium finance companies. This statute requires 10 days notice from the premium financing company to the insured in the event the company exercises its power of attorney to cancel the insurance policy upon default under a premium finance agreement.
The summary judgment granted in favor of the defendant is reversed and set aside, the motion for summary judgment is overruled, and the case is remanded to the district court for further proceedings. Costs of the appeal are cast to the defendant GEICO.
Reversed and remanded.