WILLIAMS, Judge.
This is an appeal by defendant Louis F. Puglise from a decision by the trial court finding Puglise liable to plaintiff James Beasley and his insurer, General Accident Insurance Company of America [“General Accident”], and dismissing State Farm Mutual Automobile Insurance Company [“State Farm”], defendant’s insurer.
On March 24, 1982, defendant Puglise collided in his pickup truck with an automobile operated by plaintiff Beasley. After the accident, General Accident paid its insured Beasley $3,549.95 for damage done to his ear. Subsequently, Beasley and General Accident sued defendant and its insurer State Farm. Defendant Puglise denied the allegations in the suit and reconvened for damages. State Farm also made a general denial, but also alleged that Pu-glise had no coverage with the company. The action of plaintiff General Accident was tried by a jury, and Beasley’s suit was tried by the judge. The jury returned its verdict in favor of General Accident and James Beasley and against Puglise. All suits against State Farm were also dismissed. On appeal, defendant-appellant has asserted only one issue: whether the trial court erred in its charge to the jury that:
“[T]he notice of cancellation does not actually have to be received by the policyholder; rather it is sufficient that the insurance company mail the notice to the policyholder at the policyholder’s address shown on the policy.”
The correctness of the jury decision finding Puglise liable for the damages occasioned to Beasley in the accident and also the finding that Beasley was not liable for any damages sustained by Puglise have not been addressed in defendant’s brief and are considered abandoned. We, therefore, shall only address the issue of the correctness of the jury charge.
At issue in this case, is whether State Farm had complied with notice requirements in cancelling defendant’s insurance coverage prior to the accident.
State Farm had insured Puglise for several years. In the end of December, 1981, a bill was issued to Puglise for renewal of his insurance policy for the six month period from January 31, 1982 through July 31, 1982. This payment was due on January 31, 1982. After the payment due date of January 31, 1982, Puglise sent State Farm *1127 a check for the premium. This check was returned to State Farm marked as having insufficient funds. This check was presented for-payment a second time, but was again dishonored. State Farm then issued a Notice of Cancellation to defendant on March 2, 1982, indicating that the policy would be cancelled on March 15 unless payment were made. This Notice was sent by certified mail to the address indicated in the policy. The post office later returned the certified mailing, indicating that delivery had been attempted on three separate occasions, but that these attempts were not successful.
The accident occurred March 24, 1982. A check dated March 22, 1982, mailed in an envelope postmarked March 25, 1982, was received by State Farm on March 26, 1982.
Defendant Puglise contends that simple proof of mailing is insufficient to comply with the requirements of La.R.S. 22:636.1. La.R.S. 22:636.1(B) states:
“No notice of cancellation of a policy ... shall be effective unless mailed or delivered by the insurer to the named insured at least 20 days prior to the effective date of cancellation; provided, however, that where cancellation is for non-payment of premium at least 10 days notice of cancellation accompanied by the reason therefore shall be given. Unless the reason accompanies, or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request to the named insured, mailed and delivered to the insurer not less than 15 days prior to the effective date of cancellation, the insurer will specify the reasons for such cancellation. This subsection shall not apply to non-renewal.”
This section has been the subject of much litigation. The majority of cases involving this statutory provision are concerned with whether simply mailing is sufficient to comply with these requirements. In Pincus v. Pumilia, 412 So.2d 151, 152 (La.App. 4th Cir.1982), this court held that proof of mailing creates a presumption of receipt by the insured. This presumption, however, may be rebutted. Id. at 152 citing Broadway v. Allstar Insurance Corp., 285 So.2d 536 (La.1973); Automobile Club Insurance Co. v. Aaron, 296 So.2d 464 (La.App. 4th Cir.1974), writ ref. 300 So.2d 186 (La.1984).
It appears, therefore, that the charge given to the jury may have been incorrect. The jury should have been charged that proof of mailing created the presumption of receipt, but that this presumption could be rebutted by evidence produced by the defendant. We have, however, reviewed the evidence contained in the record and find that notwithstanding the erroneous jury charge, the decision below finding that the insurance coverage by State Farm had been cancelled was correct.
Defendant Puglise testified that he did not receive any notices of certified mail from the post office. State Farm representative testified that the post office returned the cancellation notice to them with the notations that it had attempted to deliver the letter on three separate occasions. This Notice of Cancellation was sent to the address supplied by defendant to the insurance company.
This ease is somewhat different from the cases that have preceded it in that it is clear that the defendant did not receive Notice of Cancellation. This failure, however, to receive notice is imputable to defendant himself by virtue of his failure to respond to any notices from the post office. Defendant has failed to offer any reasonable explanation as to why he may not have received these notices despite the post office’s assertion that he had.
For the foregoing reasons the decision of the court below is affirmed.
AFFIRMED.