LABORDE, Judge.
Allstate Insurance Company (hereinafter “Allstate”) appeals the trial court’s decision that a homeowners insurance policy issued to Jeanette Simmons by Allstate had not been effectively cancelled. The trial court held that adequate notice of Allstate’s intent to cancel the policy had not been given to Simmons or her mortgagee, Allen Investments. We affirm.
On February 13,1985, Allstate Insurance Company, through its local agent, Maride Insurance Agency, Inc., issued a homeowners insurance policy to Jeanette Simmons for a one year period, February 13, 1985 to February 13, 1986.
On April 3, 1985, Jeanette Simmons’s home was destroyed by fire. Shortly thereafter, Simmons filed a proof of loss claim with Allstate for the loss of her dwelling and contents. Allstate notified Simmons that her homeowners policy had been cancelled on March 6,1985, by written notice mailed to her on February 22, 1985. This suit was then filed by Simmons against Allstate and Dan Maride, Jr., d/b/a Maride Insurance Agency, Inc. Trial was held on January 31, 1986. The trial judge ruled that the homeowners policy issued to Jeanette Simmons by Allstate had not been effectively cancelled. Judgment was rendered in favor of Simmons and against Allstate in the amount of $66,000 *646 together with legal interest from the date of judicial demand. The trial judge dismissed the alternative demand by Simmons against Dan Maride, Jr. and Maride Insurance Agency, Inc.
On appeal, Allstate asserts three specifications of error:
1. “The trial court erred in failing to find that the presumption of delivery was established by proof of mailing in accordance with L.S.A.-R.S. 22:636.”
2. “The trial court erred in failing to find that the petitioner, Appellee, actually received notice of cancellation of policy.”
3. “The trial court erred in finding that mere denial of delivery was adequate proof of non-delivery and that the presumption of delivery was overcome.”
For purposes of our analysis, we consolidate the above specifications.
The relevant provisions dealing with the cancellation of the insurance policy at issue are found in LSA-R.S. 22:636 which reads as follows:
“A. Cancellation by the insurer of any policy which by its terms is cancella-ble at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with any or all of the following:
(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except where termination of coverage is for nonpayment of premium.
(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
(3) Where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing.
(4) Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is. payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective. Nothing in this Code shall mandate a separate notice of lapse for nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).”
Cases interpreting LSA-R.S. 22:636 have held that since the purpose of notice is to inform the insured that the policy is being terminated, and to afford sufficient time to obtain other insurance, an interpretation which would permit deposit in the mail to conclusively terminate coverage would undermine the purpose of notice. “Mailed to the insured” connotes the completed process of transmission of notice through the mails rather than merely a depositing of notice in the mails. Affirmative proof of nondelivery renders notice ineffectual. Proof of mailing establishes a rebuttable presumption of delivery; the presumption can be rebutted by affirmative proof of nondelivery. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973); Aultman v. Rinicker, 416 So.2d 641 (La.App. 2d Cir.1982).
Allstate contends that all of the evidence clearly established that the notice was delivered in accordance with LSA-R.S. 22:636. In support of their contention, Allstate submits a copy of the letter mailed to Simmons and to Allen Investments, together with the U.S. Postal Service Certificate of bulk mailing, a list of all addresses shown on the certificate, and an affidavit of the individual who supervised the mailing at Allstate. Allstate further avers that the testimony of Mr. Maride that he mailed to Simmons the balance due her as a result of the cancellation and a “rapid note” to Simmons as evidence of his attempt to notify her of the cancellation also supports their contention.
At the time of the issuance of the policy, the correct address of Jeanette Simmons was Box 114, Mittie, LA 70654. This was also the address listed on the policy. Also *647 listed on the policy was the address of the mortgagee, Allen Investments, Hwy. 165 North, Oakdale, LA 71463. The notice of cancellation from Allstate was directed to Simmons at Box 104, Mittie, LA 70654. The notice of cancellation mailed to Allen Investments was sent to its address as listed on the policy.
Simmons testified that at no time prior to the loss of her house had she received a notice of cancellation from Allstate or from Maride Insurance Agency. Simmons also denied receiving a check or a “rapid note” from Maride Insurance Agency. Simmons stated that she worked nights and would pick up the mail in the morning after work. Simmons testified that she usually picked up the mail, but that sometimes her son would pick it up late in the afternoon on days he was not working.
Maude Smith, Postmistress of the Mittie Post Office for the past ten years, testified that she is familiar with all 149 boxes in Mittie. Postmistress Smith specifically mentioned that she was familiar with Simmons and her box. Smith testified that she goes by name, not by address, when placing mail in an individual’s box. When questioned by the court as to the possibility of placing mail in the wrong box Smith stated: “I accidentally every once in a while put it in someone else’s [box] because I’m only human.”
Jerry Gorham, president of Allen Investments, testified that he never received a notice of cancellation from Allstate or Mar-ide Insurance Agency. Gorham stated that all mail delivered to his office was personally opened by him. Gorham testified that he received the binder at the address listed on the policy. Gorham testified that his address is Hwy. 165 Center and that he is not familiar with Hwy. 165 North listed as the address on the policy.
While there are no written reasons for judgment, the trial judge stated at the conclusion of the proceedings that he considers the cancellation ineffective, accepting the testimony in favor of the plaintiff, seeing no conflict in any of the testimony presented. Inherent in the trial judge’s conclusion is that the address to which the notice of cancellation was mailed was not sufficiently certain and that the presumption of delivery and receipt of the notice had been sufficiently rebutted. The trial judge was called upon to make a factual finding and also a determination of credibility. The trial judge is in the best position to make these determinations and we do not find his decision in this instance clearly wrong. Both the insured and the mortgagee deny receiving any notice of cancellation though the insurer claims to have mailed notices to both Simmons and Allen Investments on the same day. The record supports the findings that the address used to mail the notice to the insured was incorrect and that Simmons and Allen Investments received no notice of cancellation. Accordingly, although notice of cancellation may have been mailed, affirmative proof of nondelivery rendered such notice ineffectual. Broadway, 285 So.2d at 539; Automobile Club Insurance Co. v. Aaron, 296 So.2d 464 (La.App. 4th Cir.), writ denied, 300 So.2d 186 (La.1974).
For the above and foregoing reasons, the judgment of the trial court in favor of Jeanette Simmons and against Allstate in the sum of $66,000 together with legal interest from the date of judicial demand is affirmed. Allstate is to pay all costs of this appeal.
AFFIRMED.