DOUCET, Judge.
This litigation arises out of the cancellation of an automobile liability policy pursuant to La.R.S. 9:3550 and involves a determination of the rights and the liabilities of the parties as a consequence of the cancellation.
On July 14, 1986, Edgar Mouton, Jr. applied for automobile liability insurance through Underwriters, Inc. The policy was provided by Louisiana Indemnity Company. The policy provided coverage to a 1985 Chrysler Fifth Avenue and was to be effective for a six month period through January 14, 1987. The automobile was subject to a chattel mortgage in favor of Olin Employers Credit Union (Olin). Mouton financed the premium through Surety Finance Services (SFS). The finance agreement contained the standard power of attorney allowing SFS to cancel the policy in the event of non-payment of premiums. The premium finance agreement form did not reflect that Olin was a loss payee as SFS was apparently not aware of this fact.
On November 19, 1986, SFS sent Mouton a ten day notice .of termination for non-payment of his premium installments. On November 29, 1986, the ten day notice mailed to Mouton became effective. On December 8, 1986, SFS mailed a memorandum to Louisiana Indemnity requesting cancellation of the Mouton policy effective November 29, 1986. The memorandum stated that all parties with interest in the insurance policy had been notified pursuant to La.R.S. 9:3550. However, as previously stated, notice was not mailed by SFS to Olin because its name had been erroneously omitted on the premium finance agreement. Louisiana Indemnity mailed a separate ten day cancellation notice to Olin on December 10, 1986, with cancellation to be effective on December 20, 1986.
On December 13, 1986, the vehicle listed on Louisiana Indemnity’s policy was involved in an accident when the named insured’s son, Lauren Mouton, crossed the center line and struck a cement truck owned by plaintiff-appellant, Dunham-Price, Inc. (Dunham). Because the accident occurred prior to Olin’s effective cancellation date, Louisiana Indemnity paid them as a lien holder for its interest in the vehicle.
Subsequently, Dunham made a claim against Louisiana Indemnity for damage to its truck, which was denied on the basis that the policy was cancelled as to the insured effective November 29,1986. Dun-ham filed this suit asserting its claim, to which Louisiana Indemnity filed the instant motion for summary judgment. The district court granted the motion and dismissed Dunham’s petition with prejudice. It is from this judgment that Dunham has appealed. We affirm.
The sole issue on appeal is whether a financed automobile liability policy can be regarded as terminated on two different dates, based respectively on notice to the insured (Mouton) and notice to the mortgage lien holder (Olin), and if so, which date governs the rights of a damaged third party (Dunham).
La.R.S. 9:3550(G), enacted in 1980, is the statutory means and authority allowing insurance premium finance companies to cancel insurance policies for non-payment of premiums pursuant to the power of attorney contained in the finance agreement. That statute, in pertinent part, provides:
“(2) Upon default of insurance premium contract by the debtor, the premium finance company may mail a notice of cancellation to the insured, at his last known address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the re *332 lated insurance contract whose name and place of business appears on the premium finance agreement. Such notice of cancellation shall show the name of any governmental agency, mortgagee or third party also requiring notice of cancellation as shown on the insurance premium finance contract.
(3) Ten days after notice of cancellation has been mailed to the insured, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer a copy of the notice of cancellation together with a statement certifying that:
(a) The premium finance agreement contains a valid power of attorney as provided in paragraph (1) above;
(b) The premium finance agreement is in default and the default has not been timely cured;
(c) Upon default, a notice of cancellation was mailed to the insured as provided in paragraph (2) above, specifying the date of mailing by the premium finance company to the insured; and
(d) Copies of the notice of cancellation were mailed to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, mortgagees or third parties to whom the insurance premium finance company has sent notice of cancellation.
Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall be entitled to consider that cancellation of the insurance contract or contracts has been requested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:637. The effective date of cancellation shall be as of 12:01 A.M. on the tenth day after the date of mailing of the notice of cancellation as shown in said statement furnished to the insurer by the premium finance company.” (Emphasis added.)
Thus, pursuant to the above provisions, a premium finance company may exercise a power of attorney to cancel an insurance policy only after it has mailed notice of cancellation to the insured, the insurance agent through whom the policy was written and any other person shown on the premium finance agreement to have an interest in any loss which may occur thereunder. Ten days after notice of cancellation has been mailed to the insured, if the default has not been cured, the finance company may effect cancellation by forwarding to the insurer a copy of the notice of cancellation and a statement certifying that it is authorized under a valid power of attorney, that the insured is in default and that notice has been given to all persons entitled thereto.
La.R.S. 9:3550(G) further provides that the insurer, upon receipt of a copy of the notice and statement may proceed to cancel the insurance on the tenth day after the date of mailing of the cancellation notice as shown in the finance company’s statement.
Applying the foregoing provisions to the instant case, once the insured (Mouton), the insurer (Louisiana Indemnity), and all listed on the premium finance agreement were notified by the premium finance company (SFS), the effective date of cancellation was on the tenth day after the date of mailing of the notice of cancellation. As previously stated, Olin was not notified by SFS since its name was not listed on the premium finance agreement. SFS sent notice of cancellation to Mouton on November 19, 1986. Thus, pursuant to the foregoing provisions, the effective cancellation date as to the insured was on November 29, 1986.
While La.R.S. 9:3550(G)(3) clearly sets out the effective date of cancellation when the premium finance company makes notification to the required parties, La.R.S. 9:3550(G)(4) sets out yet another effective date of cancellation. That provision provides:
*333 “(4) Upon receipt of the notice of cancellation, the insurer shall give notice to any other governmental agency, mortgagee, or other third party as shown in the records of the insurer requiring statutory, regulation or contractual notice and which were not given by the premium finance company as provided in (3) above. The insurer shall give the prescribed notice on behalf of itself or the insured to any governmental agency, mortgagee, or third party on or before the fifth business day after the day it receives a copy of the notice of cancellation from the insurance premium finance company and shall determine the effective date of cancellation taking into consideration the number of days notice required to complete the cancellation if such notice is given by the insurer, otherwise the effective date of cancellation shall be calculated from the date the premium finance company mailed the notice to such governmental agency, mortgagee, or other third party taking into consideration the number of days notice required to complete the cancellation.”
Thus, the foregoing provision places the burden on the insurer to give notice to all those that have not received notice by the premium finance company, but require such, as evidenced in the insurer’s records. Because Olin was not notified by SFS, Louisiana Indemnity was then required to do so. Louisiana Indemnity notified Olin on December 10, 1986, with cancellation to be effective on December 20, 1986. Thus, on December 20, 1986, the policy was can-celled as to Olin.
Clearly, La.R.S. 9:3550(G)(3) and (4) each set out different effective cancellation dates, one when the premium finance company makes the notification and another when the insurer makes the notification of all those who were not notified by the premium finance company. Thus, the plain language of the statute indicates that there can be two effective cancellation dates as to two different parties.
As previously stated, the insured was involved in an automobile accident on December 13, 1986. The cancellation date as to the insured was on November 29, 1986 and as to Olin on December 20, 1986. Thus, at the time of the accident, the policy was cancelled as to the insured, but was still in effect as to Olin. It follows, that if the policy was cancelled as to the insured, appellant (Dunham) cannot collect, since it can have no greater rights than the insured. Unlike a lien holder such as Olin, who has a direct interest in knowing whether the chattel is about to become uninsured so that it may take the appropriate steps to protect its interest, a third party such as Dunham has no right to receive notice, of any sort, of cancellation of policies.
Accordingly, for the reasons assigned, the decision of the lower court granting summary judgment in appellee’s favor is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.