PICKETT, Judge.
This is a suit by a furnisher of labor and material on a public works, under the provisions of LSA-R.S. 38:2241 et seq. On September 24, 1965, the Department of Highways of the State of Louisiana entered into a written contract with Tri-City Construction Company, Inc., to construct State Project Number 714-10-07, which included the repair or construction of a bridge on Polk Street in the City of Hou-ma, Terrebonne Parish, Louisiana. The *37 United Bonding Insurance Company was the surety on the contract as required by statute. The Tri-City Construction Company, Inc. (hereinafter referred as TriCity) sub-contracted the construction of the Polk Street Bridge to the Coastal Contractors, Inc. (hereinafter referred to as Coastal). The plaintiff, Coastal, alleges as a cause of action that between January 7, 1966, and March 28, 1966, it furnished all the labor and material required for the completion of the work undertaken by it for the sum of $17,726.50, of which amount the balance of $14,126.95 is due and unpaid, for which amount Coastal instituted this suit against Tri-City and its surety, the United Bonding Insurance Company (hereinafter referred to' as United). The plaintiff additionally claims interest from judicial demand, penalties and attorney’s fees, and recognition of recorded liens.
Tri-City and United filed an answer of general denial of liability. United as third party plaintiff named Tri-City, Robley P. Guidry and Mrs. Edith Guidry (hereinafter called the Guidrys) as third party defendants. The two last named third party defendants appeared as signatories on a “general indemnity agreement” given in favor of United. Thereafter, United and Tri-City named the Department of Highways of the State of Louisiana (hereinafter referred to as the State) as a third party defendant. The State filed an answer and reconventional demand against Tri-City and United, and attached thereto a copy of the performance bond issued by United. Thereafter, the State filed an amended answer and reconventional demand against Tri-City and United. The various parties to this action filed numerous pleas and exceptions, none of which are pertinent to the issues before us.
Coastal filed a motion for a summary judgment, based on a deposition and affidavit. The court awarded judgment in favor of plaintiff, Coastal, and against the defendant, Tri-City and United, in solido, for the sum of $14,126.95, together with legal interest thereon from date of judicial demand until paid, and attorneys’ fees in the amount of ten percent on both principal and interest, with recognition of Coastal’s lien and privilege. United has appealed suspensively from that judgment.
In support of its motion for a summary judgment, the plaintiff filed an affidavit given by its vice-president and a deposition it had taken from Allen E. Long, the general superintendent for Tri-City at the time the Polk Street Bridge was being constructed. The deposition shows that Mr. Long represented Tri-City during the construction of the Polk Street Bridge. He testified that he was physically present during the construction of the Polk Street Bridge and from personal knowledge he knows that the labor was performed and the material described in the exhibits attached to his deposition went into the construction of the project. He, also, testified that the balance due plaintiff by Tri-City as disclosed by Exhibit-Coastal #5 attached to his deposition was correct. The affidavit states that within the personal knowledge of the affiant plaintiff furnished all the labor and material necessary for the construction of the bridge on Polk Street, and that the balance due thereon was $14,126.95. The appellant offered no evidence of any kind in connection with the motion for a summary judgment.
In this court the appellant contends, as it did in the trial court, and as shown by its third party demand against the State that there exists a genuine issue of material fact, i. e., in that the State had breached the contract which it had bonded, and had destroyed the contract by reason of its breach thereof. Hence, appellant contends that since the contract bonded has passed out of existence, there could be no bond in existence. Appellant further contends that if there is no bond in existence, then the materialmen have no surety against whom to collect; hence a summary judgment would not be in order. Appellant, accordingly, argues that because of the facts alleged in the third party suit of Tri-City and appellant against the State there re *38 mains issues of fact which should be determined before a final judgment can be rendered adjudicating the claim of the appel-lee. Finally, United opines that if it prevails in its claim against the State, the State would be cast in judgment in favor of appellee, rather than appellant.
Applicable to appellant’s contentions are LSA-C.C.P. Articles 966 and 967, both as amended by Act 36 of 1966. The pertinent parts of those articles provide:
“* * *. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact, and that mover is entitled to the judgment as a matter of law. LSA-C.C.P. Art. 966.

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.” (Emphasis ours.) LSA-C. C.P. Article 967.
We have pointed out that appellant offered no evidence whatever in opposition to the motion for a summary judgment. In support of its argument that there remains a genuine issue of a material fact, appellant relies solely on its pleadings and particularly its third party demand against the State. But under the plain wording of the quoted and emphasized portion of LSA-C.C.P. Article 967, supra, the appellant cannot rest on the mere allegation and denial contained in its pleadings. As between appellant and appellee, the appellant has pointed out no genuine issue of fact. The plaintiff alleged that the appellant and Tri-City are solidarily indebted to it for the amount sued for and has supported the allegations with reference thereto with a deposition of the superintendent of appellant’s co-defendant confirming the debt, and in addition thereto has filed the affidavit of its vice-president, Robert C. Overall, verifying the account. In the absence of any counteraffidavit or other evidence disputing the facts set forth in the affidavit and deposition, the appellant cannot raise the issue in regard to any material fact, insofar as the appellee is concerned.
We are not unmindful of the established jurisprudence that the burden of showing that there was no material factual issue was upon the movant for a summary judgment, and that all doubts must be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. This principle was set forth in the case of Ay-mond v. Missouri Pacific Railroad Company, La.App., 179 So.2d 460 as follows:
“In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather it is to determine whether there is a genuine issue of material fact. The burden of showing that there is not a material factual issue is upon the mover for summary judgment, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.”
Our jurisprudence is equally well established that in a summary judgment proceeding where no countervailing evidence is produced with respect to facts set forth in affidavits, it must be assumed that *39 there was no dispute with reference to material facts. In Johnson v. Combined Insurance Company of America, La.App., 158 So.2d 63, this court said:
“Plaintiff filed no counter-affidavits opposing the motion for summary judgment. For these reasons we do not believe plaintiff-appellant can raise the issue regarding any material fact. Our Courts have repeatedly held in the .absence of any counter-affidavits it must be assumed there was no dispute with respect to the facts set forth in the affidavits. See Article 966 et seq., LSA-C.C. P., Goodart v. Maryland Casualty Company, La.App., 139 So.2d 567, and Rushing v. Weyerhaeuser Company, La.App., 144 So.2d 420.”
But the appellant vigorously contends that judgment is not proper until the question of whether or not the State or the appellant is ultimately liable and responsible to the appellee. When the State entered into the contract with Tri-City, it became necessary that the State require the contractor to obtain a surety bond in compliance with the provisions of LSA-R.S. 38-2241, which, in part, provides:
“Whenever the state or any state board or agency or any political subdivision of the state enters into a contract in excess of one thousand dollars for the construction, alteration, or repair of any public works, the official representative of the governing authority shall reduce the contract to writing and have it signed by the parties. He shall require of the contractor a bond, with good, solvent, and sufficient surety in the sum of not less than fifty percent of the contract price for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works. No modifications, omissions, additions in or to the terms of the contract, in the plans or specifications or in the manner and mode of payment shall in any manner affect the obligation of the surety.”
The appellant supplied the surety bond as required by the above cited statute. The surety bond issued by the appellant provides in part the following:
“KNOW ALL MEN BY THIS INSTRUMENT, That we Tri-City Construction Company, Inc. as principal, and the United Bonding Insurance Company a surety company authorized to do business in the State of Louisiana, as Surety, are held and firmly bound, in solido, unto the Department of Highways, and unto all sub-contractors, workmen, laborers, mechanics, and furnishers of materials and equipment, jointly, in the full sum of ONE HUNDRED TWENTY-THREE THOUSAND NINE HUNDRED SIXTY-SEVEN AND 53/100 Dollars ($123,967.53) payable in lawful money of the United States, and to this bond we obligate our heirs, successors and assigns.”
The appellant is solidarily liable with Tri-City for the labor performed and the material and supplies furnished in connection with the Polk Street improvement. Hence the contention that there should be no summary judgment until the third party demand of plaintiff against the State is disposed of is without merit. The judgment appealed from involves only the plaintiff and appellant. The third party demand against the State has not been adjudicated and is not before the court. The appellant should not be permitted to delay the orderly process of suit for an indefinite period by filing a third party demand against the State, a third party. The appellant has cited in support of its contention Wells v. Fidelity and Deposit Company, 146 La. 169, 83 So. 448. In that case, as pointed out by the Trial Judge, the same defendant was surety of two bonds, one of *40 which was in favor of the plaintiff and the other was for the benefit of laborers and materialmen. The court ruled only on the bond executed in favor of the owner. Hence the facts in the Wells case are distinguishable from the facts in the instant case, and are not applicable herein.
The surety bond issued by appellant was issued because of the mandatory provisions of LSA-R.S. 38:2241, which in part specifically provides that “No modifications, omissions, additions in or to the terms of the contract, in the plans or specifications or in the manner or mode of payment shall in any manner affect the obligation of the surety.” Hence, regardless of any breach of the contract that may have been made by the State, the obligation of the surety, appellant, to the furnisher of labor and material to the bonded project, is in no way affected. If appellant has suffered loss because of a wrongful act by the State, it’s recourse is against the State. We find no genuine issue of material fact between appellant and appellee.
For the foregoing reasons the judgment of the Lower Court is found to be correct and therefore affirmed at appellant’s cost.
Affirmed.