469 So.2d 27 (1985)
Nathaniel PERKINS
v.
Martin BATTISTE, et al.
No. 84 CA 0337.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Ben E. Atkins, Baton Rouge, for plaintiff-appellee Nathaniel Perkins.
Donald R. Smith, Baton Rouge, for defendant-appellee Allstate Ins. Co.
John E. Cox and Michael J. Harig, Baton Rouge, for defendant-appellant Martin Battiste and Ronald W. Battiste.
*28 Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This personal injury suit arose out of an automobile accident, in which the plaintiff was allegedly injured in a collision with a vehicle owned by defendant Martin Battiste (Battiste) and allegedly insured by defendant Allstate Insurance Company (Allstate). Allstate moved for, and the trial court granted, summary judgment in its favor on the ground that the insurance policy covering Battiste's vehicle had been cancelled prior to the date of the accident. From the trial court's judgment dismissing Allstate from the suit, Battiste appeals.
The only issue is whether the trial court erred in determining that there was no genuine issue as to material fact presented, and that Allstate was entitled to judgment as a matter of law.
We affirm.
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". If the mover produces convincing proof by affidavits and other receivable evidence of fact upon which the motion is based, and no countervailing evidence is offered by the opposing party, the conclusion may be justified that there is no dispute as to the material facts so proved. Waddell v. Bickham, 431 So.2d 59 (La.App. 1st Cir.1983); Coastal Contractors, Inc. v. Tri-City Const. Co., 238 So.2d 36 (La.App. 1st Cir. 1970). Battiste submitted no affidavits or evidence in opposition to Allstate's motion.
The accident in question allegedly occurred on May 20, 1981. In the form of affidavits and other evidence submitted in support of its motion, Allstate presented convincing proof that notice of cancellation of the automobile liability insurance policy in question was mailed to Battiste on April 17, 1981, advising Battiste that policy coverage would be terminated effective April 23, 1981 due to non-payment of premiums. Additionally, a statement made by Battiste to an Allstate claims adjuster, supported by the latter's affidavit, was offered into evidence; in that statement, Battiste admitted receiving the notice of cancellation.
Battiste contends that the notice of cancellation was ineffective because Allstate failed to provide him with sufficient notice prior to the stated effective date of policy termination, contrary to statutory requirements imposed on the insurer by our law.
The parties offer various arguments in brief as to how much prior notice should have been given Battiste and which statutory provision should decide the issue. However, we find that the policy provisions themselves call for a ten (10) day notice prior to effective date of cancellation for non-payment of premiums. An insurance policy is a contract between the insured and the insurer and, as such, has the effect of law between the parties. Lambert v. Mutual Life Ins. Co. of New York, 431 So.2d 23 (La.App. 1st Cir.1983), writ denied 438 So.2d 571 (La.1983).
Allstate argues that the notice of cancellation should be held to be effective 10 days after the mailing date, regardless of the attempted "effective date of cancellation". In other words, Allstate urges this court to find that the policy was effectively cancelled as of April 27, 1981, ten days after the mailing date of April 17, 1981.
We find merit in this argument. While we are unable to find any Louisiana jurisprudence dealing with this precise issue, other jurisdictions have taken the view espoused by Allstate; to wit, that any notice otherwise sufficient in form, which unequivocally conveys to the insured a notice of policy cancellation, is effective after the lapse of the full time stipulated in the policy, even though the notice allows a shorter period than that stipulated in the policy. See 43 Am.Jur.2d, Insurance, § 389 and 45 C.J.S., Insurance, § 450(c), and cases cited in both. The purpose of the *29 statutory requirements of notice of cancellation to an insured, as recognized in Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973), is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection.
We find no statutory prohibition to the adoption of Allstate's position, and we additionally find that the purpose of the statutory notice requirements have been fully served by Allstate's notice in this case. Accordingly, we find no reversible error in the trial court's judgment, as Allstate produced sufficient proof of the facts upon which its motion is based, and Allstate is entitled to judgment as a matter of law dismissing it from the suit.
For the above assigned reasons, the judgment of the trial court is affirmed at appellant Martin Battiste's cost.
AFFIRMED.