590 So.2d 623 (1991)
Guy Edward JOHNSON, Plaintiff-Appellee,
v.
ACADIAN CONTRACTORS AND CONSULTANTS, INC. and Paul Gauthier, Defendants,
Louisiana Insurance Guaranty Association, Third Party Defendant-Appellant.
No. 90-411.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
Writ Denied January 10, 1992.
*624 W. Glenn Soileau, Breaux Bridge, for plaintiff-appellee.
Roy, Forrets & Lopresto, Stephen H. Myers, Lafayette, for defendant Contractors.
Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Frank A. Flynn, Lafayette, for defendant-appellant LIGA.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Guy Johnson filed this worker's compensation suit against his former employer, Acadian Consultants and Contractors, Inc. (Acadian), and against the owner of the corporation, Paul Gauthier. Defendants then filed a third party demand against the Louisiana Insurance Guaranty Association (LIGA) after their compensation insurer, Anglo-American Insurance Company, was placed in receivership.
Finding Johnson to be totally and permanently disabled, the trial court rendered judgment in Johnson's favor for weekly benefits and medical expenses against Acadian and LIGA and further assessed Acadian with penalties and attorney's fees. Only LIGA appeals this judgment, assigning the following errors:
1. The trial court erred when it cast LIGA in judgment as a party defendant in solido with Acadian, when LIGA was never made a direct party defendant by the plaintiff;
2. The trial court erred in finding LIGA responsible for insurance coverage, when the evidence demonstrates that the Anglo-American policy issued to Acadian was cancelled before the date of the plaintiff's accident;
3. The trial court erred in assessing future medical expenses; and
4. The trial court erred in finding plaintiff to be totally and permanently disabled.

FACTS
Johnson alleges he injured his back on October 17, 1988 when he and a helper, Robert Broussard, were moving a concrete block of steps as they completed an aluminum siding installation job for Acadian. That evening, Johnson was admitted to Gary Memorial Hospital where he remained for 11 days. He claims he was discharged when his employer's compensation insurer denied coverage.
After his discharge, Johnson was treated by Dr. Marelle Yongue, who then referred him to Dr. James Rivet, a neurosurgeon. At his initial examination, Dr. Rivet noted Johnson was complaining of pain in his back and down his legs. Believing the examination revealed evidence of nerve root pressure, Dr. Rivet ordered a myelogram and a CT scan which were performed at Lafayette General Hospital. The myelogram results were abnormal, with evidence of problems at two levels, L3-4 and L-5, S-1. This abnormality was confirmed by the CT scan. Dr. Rivet recommended surgery at the time of his examination, and he testified Johnson was still in need of surgical intervention at the time of trial.
On May 19, 1989, Dr. Fred Webre, an orthopedic surgeon, examined Johnson for a social security disability evaluation. Dr. Webre found that all testing indicated a definite right sciatic irritation. He assigned *625 Johnson a 35 to 40% disability of the back and restricted him to sitting or standing only one hour at a time, walking only two hours and lifting only 15 to 20 pounds occasionally. Dr. Webre believed, in all probability, that Johnson's incapacitation was due to a right disc protrusion at L3-4.
Johnson admits to two prior back surgeries, the last one in 1982, but contends he recovered sufficiently to resume performing manual labor until the accident in 1988. Dr. Webre testified he did not believe Johnson's present sciatic irritation had been ongoing since 1982.
Johnson has not worked since the date of his accident, nor has he received any benefits or medical expense payments. LIGA argues that the Anglo-American policy was cancelled for nonpayment of premium as of October 10, 1987, seven days before the plaintiff's accident.

THIRD PARTY DEMAND
LIGA, the third party defendant, argues the trial court erred in casting it in judgment to the plaintiff, where the plaintiff did not name LIGA as a defendant in the main demand.
In written reasons, the trial court ruled in favor of the plaintiff against Acadian on the principal demand and ruled in favor of Acadian against LIGA on the third party demand. However, the judgment signed by the trial court cast LIGA in judgment on both the principal demand and the third party demand.
It is well settled that the plaintiff must amend his petition to make a third party defendant a direct defendant before judgment can be rendered in favor of the plaintiff and against the third party defendant. La.C.C.P. art. 1111; Shaffer v. Illinois Central Gulf Railroad Co., 479 So.2d 927 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). This rule is equally applicable where the third party defendant is the insurer of the defendant cast in judgment on the main demand. See Heckel v. Travelers Ins. Co., 340 So.2d 363 (La. App. 1st Cir.1976) and Zale Indemnity Co. v. Smith, 520 So.2d 1273 (La.App. 5th Cir. 1988), writs denied, 521 So.2d 1187 (La. 1988) and 541 So.2d 876 (La.1989).
Although the trial court correctly ruled that LIGA was only liable as a third party defendant, the signed judgment holds LIGA liable as both a direct defendant and a third party defendant. The trial court's written reasons do not form a part of the judgment. We will therefore reverse that portion of the judgment which holds LIGA liable as a direct defendant on the main demand.

COVERAGE
LIGA contends the Anglo-American worker's compensation policy issued to Acadian was validly cancelled before the date of the plaintiff's accident.
Acadian obtained worker's compensation coverage with Anglo-American through the Louisiana Homebuilders' Association, which acted as Anglo-American's agent in the administration of the policy. The record reveals that Acadian was consistently delinquent in the payment of its monthly premiums. Each month Acadian received a ten day notice of cancellation, followed by a notice of reinstatement once the late payment was received.
In September of 1988, two notices of cancellation were sent. The first notice, dated September 29, 1988, informed Acadian that its policy would be cancelled as of October 28, 1988, for nonpayment of an "audit" premium. The second notice, dated the next day and signed by the same LHBA employee, stated that Acadian's coverage would be cancelled as of October 10, 1988 for nonpayment of the August premium. The certified mail return receipts show that both notices were received by Acadian on October 4, 1988. Plaintiff was injured on October 17, 1988.
La.R.S. 22:636 A(4) provides in part:
Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice *626 stating when, not less than 10 days thereafter, such cancellation shall be effective. Nothing in this code shall mandate a separate notice of lapse of nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).
Had the notice of September 30, 1988 been sent alone, the requirements of this statute would have been met. However, we find the sending of the two notices created an ambiguity as to the exact date of cancellation, particularly where both notices were received by the insured on the same date. Given these facts, we find no error in the trial court's conclusion that the Anglo-American policy had not been validly cancelled as of the plaintiff's accident on October 17, 1988.

FUTURE MEDICAL EXPENSES
The trial court judgment on the third party demand finds LIGA responsible for "all past and future medical expenses... and worker's compensation benefits, together with legal interest from the date of judicial demand." LIGA contends this judgment makes an impermissible award of future medical expenses. We disagree.
The settled rule is that a worker's compensation claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to him, even though the defendant's liability for them arises only when they are incurred. La.R.S. 23:1203; Campbell v. Luke Construction Co., 543 So.2d 1032 (La.App. 3d Cir.1989).
In Anderson v. Eagle Asbestos Co., 355 So.2d 1082 (La.App. 4th Cir.1978), the court found no error in a similarly worded judgment, stating:
The judgment for past expenses obviously refers to those expenses not paid by defendants, and the award for "future medical payments as they become necessary" merely confirms plaintiff's right to claim the expenses as they become due. Because defendants are responsible for the payment of medical expenses incurred in connection with the work-connected injury, we perceive no prejudice to defendants by the wording of the trial court's judgment relating to their payment.
355 So.2d at 1083.
We find no error in the judgment as it pertains to future medical expenses.

DISABILITY
In its final assignment of error, LIGA contends the trial court erred in finding Johnson totally and permanently disabled.
At the time of his injury, Johnson was a 47 year old laborer with a sixth grade education. The uncontradicted testimony of two surgeons establishes that Johnson is suffering from a sciatic irritation which, in all probability, is due to a disc herniation at the L3-4 level. Both physicians assessed Johnson with a 35 to 40% disability of the back and imposed significant physical restrictions which preclude him from returning to his former occupation or indeed any occupation involving manual labor. Both physicians agree that Johnson is a candidate for surgical intervention and that without surgery his condition is not likely to improve.
A claimant seeking total and permanent disability benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(2)(c). After reviewing the totality of the record, which includes overwhelming medical testimony and diagnostic evidence, we find no error in the trial court's conclusion that Johnson proved his entitlement to these benefits by clear and convincing evidence. See France v. A & M Wood Co., 566 So.2d 106 (La.App.2d Cir.1990) and McLendon v. State, Dept. of Natural Resources, 532 So.2d 349 (La.App. 3d Cir.1988).

DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it casts LIGA in judgment to the plaintiff on the main demand. In all other respects, the judgment appealed from is affirmed. Costs of this appeal are assessed *627 one-fourth to plaintiff, Guy Johnson, and three-fourths to third party defendant, LIGA.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.