616 So.2d 850 (1993)
Charles CEASAR, Jr. and Mary Ceasar, Plaintiffs-Appellants,
v.
NEW ENGLAND INSURANCE COMPANY, Defendant-Appellee.
No. 92-463.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Cerio A. Diamarco, Arthur J. O'Keefe, for Charles Ceasar Jr., etc.
L. Paul Foreman, for New England Ins. Co., et al.
Before DOMENGEAUX, C.J., and LABORDE and DECUIR, JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs, Charles Ceasar, Jr. and Mary Ceasar, filed suit against Robert T. Jacques, Jr. for legal malpractice. Plaintiffs also named as defendants New England Insurance Company and three other insurance companies[1], all of which they alleged to be the professional liability insurers of Robert Jacques. Three of the insurers were dismissed prior to trial. The plaintiffs then moved for a bifurcated bench trial solely against New England on the question of coverage. The motion was granted, and at trial, the district court concluded that New England did not provide coverage to Jacques at the time the plaintiffs' claim was asserted. The plaintiffs' *851 suit against New England was dismissed. We affirm.
The record reveals that the Ceasars hired Jacques to represent them in connection with an incident which occurred on November 4, 1985. Sometime thereafter the Ceasars fired Jacques. On November 2, 1987, the Ceasars filed the present legal malpractice action, alleging that Jacques failed to timely file a tort suit on their behalf.
The issue addressed by the trial court, and with which we are presented in this appeal, is whether New England provided professional liability coverage to Jacques on November 2, 1987.[2] The trial court found that no coverage was in effect subsequent to October 1, 1985 and dismissed the plaintiffs' suit against New England. While we disagree with the date articulated by the trial judge, we nonetheless affirm his judgment.
It is undisputed that New England provided coverage to Jacques from October 1, 1984 through October 1, 1985. The coverage was renewed in January of 1986, such coverage to begin retroactively from October 1, 1985. When no premium was received from Jacques, New England notified him on March 20, 1986, that the policy was cancelled effective October 1, 1985.
Plaintiffs contend that because a policy of insurance cannot be cancelled retroactively, there was no effective cancellation, and coverage continued in full force and effect. They argue that when the expiration date of October 1, 1986 passed with no communication from New England, the coverage again continued; further, coverage extended beyond October 1, 1987, and included November 2, 1987, the date of the claim asserted by the plaintiffs, because New England never properly notified Jacques of cancellation or non-renewal.
New England essentially concedes that insurance coverage cannot be cancelled retroactively. However, New England argues that if the effective date of cancellation is incorrect, then the policy language must prevail, and coverage is extended in compliance with the terms and conditions of the policy. Because the policy provided that cancellation can be effective no less than 10 days after a cancellation notice has been sent to the insured, New England argues that coverage remained in effect only until March 30, 1986, 10 days after the notice was mailed. Alternatively, New England contends that even if the cancellation is found to be ineffective, the policy expired by its own terms on October 1, 1986 and was not thereafter renewed.
The New England policy which is the subject of this dispute was issued to Robert Jacques on January 20, 1986 and was to be effective from October 1, 1985 through October 1, 1986. La.R.S. 22:636 A(4) governs the cancellation of insurance for failure to pay premiums and was in effect at the time this policy was issued. The statute provides, in pertinent part:
§ 636. Cancellation by insurer
* * * * * *
A. (4) Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective....
Furthermore, the New England policy contained the following cancellation provision:
VIICONDITIONS
* * * * * *
ECancellation or Nonrenewal:
* * * * * *
This policy may be cancelled by the Company if the Insured:
1. fails to pay a premium when due;
2. * * *.
Cancellation by the Company under 1. and 2. above shall be effected by mailing a written notice of cancellation to the Named Insured stating when, not less *852 than ten (10) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date of cancellation stated in the notice shall become the end of the Policy Period. Delivery (where permitted by law) of such written notice, either by the Named Insured or by the Company, shall be equivalent to mailing....
We conclude the cancellation notice sent to Jacques did not comply with the policy provisions or the pertinent statutory law. Therefore, the trial court's factual finding that coverage ended as of October 1, 1985 was incorrect. However, we find that the cancellation notice was effective to terminate coverage as of March 30, 1986, in compliance with both the law and policy provisions.
This case is similar to Perkins v. Battiste, 469 So.2d 27 (La.App. 1st Cir.1985), which held:
[A]ny notice otherwise sufficient in form, which unequivocally conveys to the insured a notice of policy cancellation, is effective after the lapse of the full time stipulated in the policy, even though the notice allows a shorter period than that stipulated in the policy. See 43 Am.Jur.2d, Insurance, § 389 and 45 C.J.S., Insurance, § 450(c), and cases cited in both.
469 So.2d at 29. In Perkins, the insurer attempted to terminate coverage five days after a notice of cancellation was mailed to the insured. The court essentially conformed the notice of cancellation to comply with policy provisions which called for a ten day notice prior to cancellation for nonpayment of premiums.
In support of their position, plaintiffs cite Johnson v. Acadian Contractors and Consultants, Inc., 590 So.2d 623 (La.App. 3d Cir.1991), writ denied, 591 So.2d 700 (La.1992), a case which we find to be distinguishable from the facts presented herein. In Johnson, the insured received two notices of cancellation on the same day. One notice was dated September 29, 1988 and informed the insured that its policy would be cancelled as of October 28, 1988. The other notice was dated September 30, 1988 and informed the insured that its coverage would be cancelled as of October 10, 1988. This court found that the intended cancellation date was ambiguous and the coverage had not been validly cancelled as of the plaintiff's accident on October 17, 1988. The court did not determine the effective date of the attempted cancellation, nor did the court decide whether the coverage had been cancelled at all.
In the instant case, the cancellation notice was not ambiguous; rather, it was not in compliance with policy provisions or pertinent statutory provisions. In Johnson, both cancellation notices complied with La.R.S. 22:636 A(4). Cancellation could have been effected on either date. The fact that two dates were given created an ambiguity which was resolved against the insurer.
As in Perkins, we find that the attempted cancellation by New England must be conformed to comply with policy provisions and applicable law. Accordingly, we find New England provided professional liability coverage to Robert Jacques only until March 30, 1986. Plaintiffs' claim asserted on November 2, 1987 is therefore not a covered claim, and New England was properly dismissed from plaintiffs' suit. Our decision pretermits discussion of New England's alternative argument.
For the foregoing reasons, the judgment dismissing New England Insurance Company is affirmed at the Ceasars' cost.
AFFIRMED.
NOTES
[1] St. Paul Fire and Marine Insurance Company, Home Insurance Company, and Zurich Insurance Company.
[2] Because the policy in question was a "claims made" policy, the pertinent date is the date the plaintiff's claim was first asserted against Jacques.