JiBYRNES, Judge.
Louisiana Indemnity Company/Patterson Insurance Company (“Patterson”) appeals the First City Court’s finding that McKinley and Barbara Davis’ automobile was insured by Patterson at the time of the automobile accident. We affirm.
The collision occurred on February 12, 1993. Plaintiffs, Margaret A. Johnson and Carol Johnson Travis, filed a petition for damages on February 14, 1994, alleging that plaintiffs’ vehicle was struck in the rear by the 1973 Ford Galaxy owned by the Davises. The Davises filed a third party demand against Patterson and AllSouth Auto Insurance Agency (“AllSouth”). The Davises alleged that they paid AllSouth a cash payment of $159 to secure liability coverage and entered into an insurance premium finance agreement with Insurance Premium Service Plan, Inc. to cover the balance of the insurance premium which totaled $353. The Davises also alleged that Patterson issued a binder through AllSouth with an expiration date of April 4,1993.
On May 1, 1995, the trial court held a hearing concerning the sole issue of coverage. Patterson introduced three exhibits into the record. Exhibit “A” was ban affidavit of Penni Davis, Underwriting Manager for Patterson, who stated that no completed application or policy premium payment was found by any party in connection with the binder issued to Barbara Davis, and Patterson issued no insurance policy to Barbara or McKinley Davis. Exhibit “B” was the notice of cancellation, and Exhibit “C” was the proof of mailing of the cancellation notice postmarked October 27,1992.
The parties stipulated to the following:
On October 14, 1992, Patterson issued a binder to AllSouth, and on October 27, 1992 Patterson issued and mailed a notice of cancellation to Barbara Davis. Counsel agreed that the notice stated:
You are Hereby Notified That Binder Number BM1014015 issued by LOUISIANA INDEMNITY CO. is Hereby CAN-CELLED In Accordance With the Conditions of the Binder. Said Cancellation To Be Effective On And After 12:01 am Standard Time: 11/06/92
Reasons for Cancellation: ' COMPANY REQUEST
To REINSTATE, Remit Premium and A Satisfactory Application Before the Effective Date of Cancellation.
The trial court found that Patterson’s insurance coverage of the Davises’ vehicle was in effect at the time of the accident. Patterson’s appeal followed.
Patterson contends that the cancellation notice was timely and sufficient in form and substance so that the insurance binder was canceled prior to the accident.
Patterson initially argues that where written notice of cancellation or non-renewal is required, the ten-day time period commences upon the date' of mailing under La.R.S. 22:636.1(J), and ends on the tenth day so that cancellation was timely on November 6, 1992 on or after 12:01 a.m. Patterson also points out that Isregardless of the correct calculation of the ten-day time period, the cancellation date preceded and was effective long before the accident which did not occur until months later in February, 1993.
La.R.S. 22:636.1[1] and 9:3550[2] mandate full compliance with statute require *222 ments for effective cancellation of an insurance policy. Hunter v. Automotive Cas. Ins. Co., 606 So.2d 571 (La.App. 5 Cir.1992), writ denied 609 So.2d 225 (La.1992). In computing the time period, only whole days, not fraction thereof are considered. Lowe v. O’Meara, 482 F.2d 1373 (5 Cir.1973). Jjn that case the federal appellate court held that under Louisiana law, notice of cancellation of an insurance policy for nonpayment of a premium could not be made effective at the beginning of a day.
In Johnson v. Acadian Contractors and Consultants, Inc., 590 So.2d 623 (La.App. 3 Cir.1991), writ denied 591 So.2d 700 (La. 1992), where two notices were sent on different days with different effective cancellation dates, and the insured received the two notices on the same date, the appellate court found that the notices were ambiguous so that coverage was not canceled on the date of the accident even though the accident occurred more than ten days after the expiration date expressed in the latest notice.
In Ceasar v. New England Ins. Co., 616 So.2d 850 (La.App. 3 Cir.1993), the appellate court found that under La.R.S. 22:636, notice of cancellation purportedly to retroactively cancel professional liability insurance coverage was not effective to do so, but the notice was held to be effective to cancel the policy ten days after notice was mailed. However, that court noted that although the notice of cancellation did not follow statute requirements, the policy expired by its own terms.
In Ceasar, the appellate court reviewed a similar case involving automobile insurance coverage, Perkins v. Battiste, 469 So.2d 27 (La.App. 1 Cir.1985), and noted:
[A]ny notice otherwise sufficient in form, which unequivocally conveys to the insured a notice of policy cancellation, is effective after the lapse of the full time stipulated in the policy, even though the notice allows a shorter period than that stipulated in the policy. See 43 Am.Jur.2d, Insurance, Section 389 and 45 C.J.S., Insurance, Section 450(c), and cases cited in both.
| g469 So.2d at 29. In Perkins, the [automobile] insurer attempted to terminate coverage five days after a notice of cancellation was mailed to the insured. The court essentially conformed the notice of
cancellation to comply with policy provisions which called for a ten day notice prior to cancellation for non payment of premiums.
616 So.2d at 852.
In the present ease the record does not show that the binder or a policy expired by its own terms.
Written notice of cancellation of an automobile policy by the insurer must be actually delivered or mailed to the insured at least ten days prior to the effective date of the cancellation along with a statement of the reason for cancellation under La.R.S. 22:636.1. Snow v. Mid-American Indem. Co., 557 So.2d 1073 (La.App. 2 Cir.1990).
In Dunham-Price, Inc. v. Mouton, 558 So.2d 330 (La.App. 3 Cir.1990), the automobile liability insurance policy was canceled as to the insured ten days after the insured received notice pursuant to La.R.S. 9:3550.
In both cases the time periods are consistent. In Dunham-Price, cancellation was effective ten days after notice was mailed to the insured under La.R.S. 9:3550. In Snow notice was mailed ten days prior to the effective date of cancellation under La.R.S. *223 22:636.1. Although that statute states that the ten-day time period begins on the day of mailing, there must be ten days included prior to the effective cancellation date. In other words, the cancellation date is effective after all ten days have passed. Both time periods under La.R.S. 9:3550 and La.R.S. 22:636.1 follow La.C.C.P. art. 5059 which states in pertinent part:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included....
leln the present case the effective day of cancellation would have been ten days after mailing or the date after the ten-day period began to run, counting from the date of mailing. Because the cancellation date should have been November 7, 1992, after a ten-day time period, Patterson’s calculation was defective. It was insufficient without any other later cancellation date provided in the record prior to the automobile accident. Patterson’s notice of cancellation was not effective.
The fact that the cancellation notice was defective on its face as it did not comply with the minimum notice time period, precludes a review of Patterson’s claim that because the insurance coverage was in effect less than sixty days at the time notice of cancellation was mailed, a stated reason for cancellation is not necessary under La.R.S. 22:636.1(B)(2). Review of Patterson’s additional argument that the notice provided adequate reason for cancellation is also precluded. Because the date of cancellation was defective in the notice, Patterson’s insurance coverage continued through the date of the accident on February 12,1993.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. La.R.S. 22:636.1 provides in pertinent part:
Sec. 636.1. Automobile liability insurance policies, cancellations
[[Image here]]
(D)(1) ... when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective.
[[Image here]]
(J) Where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing.

. La.R.S. 9:3550 provides in pertinent part:
*222 Sec. 3550. Insurance premium finance companies
A. This Section shall apply to any person engaged in the business of financing insurance premiums for consumers entering into premium finance agreements or otherwise acquiring premium finance agreements.
⅝ ⅝ ⅝ ⅜! *
G. Insurance contracts may be canceled upon default as follows:
[[Image here]]
(3)(a) Ten days after notice of cancellation has been mailed to the insured....