JiWOODARD, Judge.
Belvadine M. Costello, plaintiff in this personal injury suit, appeals a judgment granting defendant’s motion for summary judgment. For the following reasons, we affirm.
FACTS
This suit arises out of an automobile accident which occurred on June 25, 1994, in Lafayette, Louisiana. Belvadine M. Costello was a guest passenger in a vehicle driven by her daughter, Connie T. Dronet. Brandi Ba-bineaux rear-ended the Dronets’ vehicle. As a result of the accident, Belvadine Costello sustained a herniated disc.
The plaintiffs, Connie Dronet, Belvadine Costello and their husbands, filed suit against Brandi Babineaux and her insurer, Safeway Insurance Company. Safeway made a full tender of all policy proceeds to the plaintiffs. Thereafter Costello added National Security Fire & Casualty Company (National Security), the Dronets’ UM carrier, to the lawsuit.
^National Security filed a motion for summary judgment on the ground that Connie’s husband, Willie J. Dronet, had rejected the UM coverage. Costello filed a cross-motion for summary judgment on the grounds that the rejection of UM insurance was invalid because Connie Dronet had forged her husband’s signature on the rejection form and that the form of the rejection itself is invalid.
On July 18, 1995, the trial court granted National Security’s motion and denied Costello’s motion. Costello appeals that decision.
*99 LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary, judgment is appropriate. Potter v. First Fed. Sav. & Loan Ass’n of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is “material” if its existence potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the relevant legal dispute. Cormier v. Wise, 93-1434 (La.App. 3 Cir. 6/1/94), 638 So.2d 688. A fact is “at issue” if there exists any reasonable doubt as to its existence. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3 Cir.1992). A dispute as to the issue of whether, as a matter of law, the language in an insurance policy provides coverage to a party can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Ins. Co., 619 So.2d 1220 (La.App. 3 Cir.1993). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
The purpose of this state’s UM statute is to promote full recovery of damages by persons insured under the UM coverage who are innocent victims of automobile accidents involving uninsured or underin-sured motorists. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992); Roger v. Estate of Moulton, 513 So.2d [1126] at 1132[sic] [(La.1987)]; Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La.1982). Indeed, Section 22:1406 D(l)(a) states that UM- coverage “is provided ... for the protection of persons insured thereunder....” Therefore, the statute should be liberally construed in order to carry out its intended purpose, with any exceptions to coverage being narrowly read and'strictly interpreted. Tugwell v. State Farm Ins. Co., 609 So.2d at 197; Roger v. Estate of Moulton, 513 So.2d at 1132. For that reason, any waiver of UM coverage must be clear and unmistakable. Tugwell v. State Farm Ins. Co., 609 So.2d at 197; Roger v. Estate of Moulton, 513 So.2d at 1130. In addition, the insurer bears the burden of establishing that the insured rejected UM coverage in writing pursuant to the requirements set forth by this court in Roger.
Washington v. Savoie, 92-2957, p. 5 (La.4/11/94), 634 So.2d 1176, 1179. UM coverage “shall not be applicable where any insured named in the policy shall reject in writing ... the coverage or selects lower limits.” La.R.S. 22:1406D(l)(a)(i). Furthermore, the insurer has a duty to- place the insured in a position to make an informed rejection of UM coverage; the insured must be given an opportunity to make a meaningful selection of his options: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). But when the insured selects the minimum bodily injury limits, the insurer only has a duty to inform the insured of the availability of UM coverage or none at all. Daigle v. Authement, et al, 96-1662 (La.4/8/97), 691 So.2d 1213.
The law is well settled that an uninsured motorist rejection waiver must be in writing, clear, unambiguous and signed by the named insured or a legal representative. Giroir v. Theriot, 513 So.2d 1166 (La.1987). Finally, it is the insurer who bears the burden of proving that the insured made a valid waiver of UM coverage. Aramburo v. Travelers Ins. Co., 426 So.2d 260 (La.App. 4 Cir.), writs denied, 433 So.2d 161, 443 So.2d 1110 (La.1983).
Meaningful Selection
Costello contends that no discussion of lower UM coverage options took place and that the UM rejection form itself is invalid because it does not provide a meaningful *100 selection of the three UM coverage options available to all insureds: UM coverage equal to the bodily injury limits in the policy; UM coverage lower than the bodily injury limits in the policy; or rejection of UM coverage altogether.
I/The policy in question provides 10/20 liability limits, the minimum coverage required by the Louisiana law. The rejection form reads as follows:
La. R.S. 22:1406(D) requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist coverage in amounts not less than the limits of Bodily Injury Liability provided by the policy unless the insured shall reject such coverage or select lower limits. I hereby reject Umnsured/Underinsured Motorists Protection and agree that it will not be offered to me again at any subsequent endorsement, renewal, reinstatement or substitute policy issued by the company or any of its associates, unless I request it in writing.
Signature of applicant.
/S/Willie J. Dronet 01/14/94 9:00
a.m.
The recent Louisiana Supreme Court decision in Daigle is dispositive of this issue. In that case, the court found the form to be adequate and concluded that its execution “constituted a valid and enforceable rejection of UM coverage under Louisiana law.” Daigle, 691 So.2d at 1216.
In Daigle, as here, the plaintiff had selected the minimum bodily injury limits allowable. In that situation, the court in Daigle stated that “the option of selecting UM coverage at limits lower that [sic] those in the policy [was] foreclosed by law pursuant to La.R.S. 22:1406 D(l)(a)(i) and La.R.S. 32:900(B)(2).” Id. at 1215 (footnote omitted). The UM rejection form in Daigle “did not have to inform her of an unavailable option.” Id.
In Daigle, as here, the plaintiff “had only two options open to her under La.R.S. 22:1406, the statutorily mandated UM coverage or none at all.” Id. National Security “had to inform [him] of those two options and give [him] the opportunity to select between them.” Id. The form designed by National Security “... did so in a manner sufficient to permit a valid rejection of UM coverage.” Id.
The National Security form advised Dro-net that Louisiana law requires all automobile liability policies issued or delivered in the state to afford uninsured motorist coverage “unless the insured shall reject such coverage or select lower limits.” The form provided a mechanism for the insured to exercise his other statutory option, rejection of coverage. In this ease, Dronet exercised his option, rejecting “Uninsured/Underin-sured Motorists Protection,” and signed the form. Dronet’s | ./‘signature constituted an affirmative act rejecting coverage which was clear and unmistakable.” Id.
Thus, we find that the rejection of UM coverage does meet the statutory and jurisprudential requirements.
The Wipe’s Alleged Fokgery of the UM Rejection
Affidavits submitted by Willie Dronet and Connie Dronet alleged that Willie Dro-net never signed the UM rejection form. The insurance agent’s affidavit stated that Willie Dronet had in fact signed the insurance application after rejecting UM coverage. Connie Dronet maintained that she signed the name “Willie Dronet” to the UM rejection but that she signed it only where indicated by the insurance agent and that no discussion of UM coverage ever occurred. Dronet contends that there was a clear dispute of material facts based upon the affidavits and that it was manifest error for the trial court to grant summary judgment in the face of the conflicting affidavits.
The trial court held that “these affidavits by the Dronet’s [sic] are insufficient to create a genuine issue of material fact” and even assuming that Connie Dronet did sign the rejection on behalf of her husband, the UM rejection was still valid. La.R.S. 22:1406D(l)(a)(i) authorizes a rejection of UM coverage by “any insured named in the policy” provided such rejection is in writing. As Connie Dronet was a named insured, she had the ability to reject UM coverage in her own right. See Oncale v. Aetna Cas. & Sur. *101 Co., 417 So.2d 471 (La.App. 1 Cir.1982). The trial court is correct.
We find that there is no genuine issue of material fact and that National Security is entitled to summary judgment as a matter of law.
CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting defendant’s motion for summary judgment and denying plaintiffs, is affirmed. We remand to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed against the plaintiff-appellant, Belvadine Costello.
AFFIRMED AND REMANDED.